MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**Mark G. Hanchet**
Direct Tel +1 212 506 2695
Direct Fax +1 212 849 5695
mhanchet@mayerbrown.com

January 13, 2015

<u>VIA ECF</u>

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: <u>Freeman, et al. v. HSBC Holdings, plc, et al.</u>,
<u>14 Civ. 6601 (DLI) (CLP)</u>

Dear Judge Pollak:

      We respectfully write on behalf of defendants HSBC Holdings plc, HSBC Bank plc, HSBC Bank Middle East Limited, and HSBC Bank USA, N.A., and with the consent of Barclays Bank PLC, Standard Chartered Bank, Royal Bank of Scotland, N.V. and Credit Suisse AG, in response to plaintiffs' letter of January 13, 2015.  In the January 6 letter to defendants, attached to plaintiffs' letter submitted today as Exhibit A, plaintiffs proposed to file an amended complaint and indicated that they would forgo non-jurisdictional discovery while motions to dismiss the amended complaint are pending, except that plaintiffs suggested that defendants would not be burdened by producing now "records each Defendant previously produced to the U.S. Department of Justice and other federal and state agencies in connection with deferred prosecution agreements and related government investigations."[1]

      We appreciate knowing when plaintiffs intend to amend the complaint and the suggestion that most discovery should not occur prior to decision of dispositive motions.  In the circumstances of this particular case, however, no non-jurisdictional discovery should occur prior to the Court's ruling on motions to dismiss the amended complaint.  The allegations in plaintiffs' current complaint fail to state a claim against any of the above defendants.  "When the allegations in a complaint, however true, could not raise a claim of entitlement to relief this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation marks and citations omitted).  Indeed, plaintiffs have been quoted as acknowledging that it is

---

[1] We assume plaintiffs' letter did not intend to suggest that the parties are at the stage of a discovery meet-and-confer.  The Federal Rules of Civil Procedure contemplate that a meet-and-confer will not occur until the operative complaint has been filed, stating that "the parties must consider the nature and basis of their claims and defenses" at the meet-and-confer.  Fed. R. Civ. P. 26(f)(2).  Here, plaintiffs have not yet filed their contemplated amended complaint, and the parties thus cannot meaningfully assess their respective claims and defenses.

Mayer Brown LLP operates in combination with other Mayer Brown entities with offices in Europe and Asia
and is associated with Tauil & Chequer Advogados, a Brazilian law partnership.

Hon. Cheryl L. Pollak, U.S.M.J.
January 13, 2015
Page 2

unclear whether their conspiracy theory is legally sufficient to state a claim against our clients. *See* Ben Protess & Stephanie Clifford, *Suit Accuses Banks of Role in Financing Terrorist Attacks*, N.Y. Times, Nov. 10, 2014 ("Gary M. Osen, one of the lawyers who filed the lawsuit, acknowledged that it was unclear whether Wall Street banks could be held liable"). In the interim, before the amended complaint is filed, discovery is not a proper tool for plaintiffs to seek to remedy their failure to state a claim; a litigant "may not use discovery to determine whether there is a cause of action". *Hughes v. LaSalle Bank, N.A., ABN*, No. 02 Civ. 6384, 2004 WL 414828, at *1 (S.D.N.Y. Mar. 4, 2004) (citing *Segan v. Dreyfus Corp.*, 513 F.2d 695, 695 (2d Cir. 1975)); *see also Stein v. N. Assurance Co. of Am.*, No. 09 Civ. 1029, 2012 WL 1605365, at *10 n.6 (E.D.N.Y. May 7, 2012) (in granting defendants' dispositive motion, district court upheld magistrate judge's (i) stay of discovery pending amendment to complaint and (ii) following amendment, refusal to permit discovery pending ruling on dispositive motion).

      It would also be an undue burden for the above defendants to review their prior productions to governmental authorities and make an appropriate selection of materials for production here. Various defendants produced varying sets of materials to different governmental authorities in response to investigations of differing focus and scope, and many of these materials are likely irrelevant to the current claims or amended claims to come. Beyond relevancy, the prior governmental productions contain highly sensitive and/or confidential competitive information. Counsel likely would need to review those productions afresh for civil discovery purposes to ensure that sensitive information is redacted and that proper confidentiality designations have been assigned pursuant to a protective order. Aspects of foreign data privacy and bank confidentiality laws not applicable to past productions to governmental authorities are also likely implicated by potential production of materials in a private lawsuit; defendants likely would need to review and cull the materials to ensure compliance with those laws. In sum, defendants cannot simply make re-productions to plaintiffs of materials provided to governmental authorities. Segregating relevant, non-privileged materials from those productions would be both costly and time-consuming.

      As to the briefing schedule on the motions to dismiss plaintiffs' anticipated amended complaint, we think the parties will benefit from the Court's guidance on the timing of the filing of the amended complaint, and we look forward to discussing that matter further. The above defendants agree that a schedule for filing dispositive motions upon filing of the amended complaint should be set, and we would propose to file motions sixty days after service of the amended complaint, with opposition briefs filed within sixty days and reply briefs filed within thirty days.

                                            Respectfully submitted,

                                            /s/ *Mark G. Hanchet*

                                            Mark G. Hanchet

cc: All Counsel