**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

CHARLOTTE FREEMAN, et al.

                              Plaintiffs,

        v.

HSBC HOLDINGS PLC, et al.

                              Defendants.

14-CV-6601 (DLI/CLP)

**SUPPLEMENTAL MEMORANDUM OF LAW OF**
**HSBC HOLDINGS PLC, HSBC BANK PLC,**
**HSBC BANK MIDDLE EAST LIMITED, HSBC BANK USA, N.A.,**
**AND THE ROYAL BANK OF SCOTLAND N.V.**
**IN SUPPORT OF MOTION TO DISMISS**

March 16, 2015

**TABLE OF CONTENTS**

**Page**

Table of Authorities ............................................................................................................. ii

I.      Plaintiffs Fail To Allege Objective Terroristic Purpose. ........................................ 1

II.     Plaintiffs Fail To Allege The Scienter Requirement Of Sections 2239A And 2339B. ......... 4

Conclusion ........................................................................................................................ 9

**TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................3

*Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685 (7th Cir. 2008) ...............................2

*Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2011)..............................................8

*Goldberg v. UBS AG*, 660 F. Supp. 2d 410 (E.D.N.Y. 2009)........................................................3

*Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010) ...........................................................5

*Kaplan v. Jazeera*, 2011 WL 2314783 (S.D.N.Y. 2011)...........................................................3, 4

*Mastafa v. Chevron Corp.*, 770 F.3d 170 (2d Cir. 2014)...........................................................4, 8

*Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013) .....................................................................4, 7

*Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers*
    *Retirement Plan v. Morgan Stanley Investment Management Inc.*,
    712 F.3d 705 (2d Cir. 2013).............................................................................................3

*Stansell v. BGP, Inc.*, 2011 WL 1296881 (M.D. Fla. 2011)..........................................................2

*Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414 (E.D.N.Y. 2013) ..................................5, 7

*Stutts v. De Dietrich Group*, 2006 WL 1867060 (E.D.N.Y. 2006) ..............................................2

*In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 118 (2d Cir. 2013).......................................6

*Weiss v. National Westminster Bank PLC*, 768 F.3d 202 (2d Cir. 2014) ...........................*passim*

*Wilson v. Dantas*, 746 F.3d 530 (2d Cir. 2014) ...........................................................................4

*Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1 (D.D.C. 2010) ...........................................3

**Statutes**

18 U.S.C.
    § 2331(1)(B)................................................................................................................2, 3
    § 2332(a) .........................................................................................................................7
    § 2332(b).........................................................................................................................7
    § 2332(c) .........................................................................................................................7
    § 2332d...........................................................................................................................1, 4
    § 2332f .........................................................................................................................5, 7
    § 2339A......................................................................................................................1, 4, 5
    § 2339B....................................................................................................................*passim*

Defendants HSBC Holdings plc, HSBC Bank plc, HSBC Bank Middle East Limited, and HSBC BANK USA, N.A. (collectively, "HSBC"), and The Royal Bank of Scotland N.V. ("RBS N.V."), fully join the Moving Defendants' Joint Memorandum in Support of the Motion to Dismiss (the "Joint Memorandum"), which demonstrates that the Complaint must be dismissed as to the Moving Defendants because (1) there is a lack of proximate cause, (2) civil conspiracy is not cognizable under the Anti-Terrorism Act ("ATA"), and (3) the Section 2332d predicate offenses separately fail.

HSBC and RBS N.V. file this supplemental memorandum to address two additional reasons why the Court should grant the Moving Defendants' motion to dismiss. *First*, Plaintiffs fail to allege that the Moving Defendants engaged in banking transactions with an objective terroristic purpose, which (as the Second Circuit recently explained in *Weiss v. National Westminster Bank PLC,* 768 F.3d 202 (2d Cir. 2014)) is a necessary element of an ATA civil claim. *Second*, Plaintiffs fail to allege that the Moving Defendants acted with the scienter required to establish a violation of either Section 2339A or 2339B—the criminal predicates upon which Plaintiffs rest their civil claims. These arguments—along with those in the Joint Memorandum—demonstrate that the Complaint's allegations regarding the Moving Defendants fall far short of what is required to allege an ATA civil claim.

## I.      Plaintiffs Fail To Allege Objective Terroristic Purpose.

Plaintiffs' claims are defective because the Complaint does not plausibly allege that a reasonable observer would perceive the Moving Defendants' alleged acts as intended to achieve a terroristic purpose. The conduct alleged here—the provision of funds transfer services involving Iranian commercial banks—would not appear to an objective observer to be intended to accomplish terrorist goals. The allegations therefore fail to state an ATA claim.

The Second Circuit recently explained that a "definitional requirement" of the ATA (*Weiss,* 768 F.3d at 207 n.6) is that the defendant's act must "appear to be intended" (i) "to intimidate or coerce a civilian population," (ii) "to influence the policy of a government by intimidation or coercion," or (iii) "to affect the conduct of a government by mass destruction, assassination, or kidnapping." 18 U.S.C. § 2331(1)(B). This requirement serves the essential purpose of "distinguish[ing] terrorist acts from other violent crimes." *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 694 (7th Cir. 2008) (en banc). "The requirement to 'appear to be intended ...' does not depend on the actor's beliefs, but imposes on the actor an objective standard to recognize the apparent intentions of actions." *Weiss*, 768 F.3d at 207 n.6.

District courts both within and outside of the Second Circuit have dismissed ATA claims that fail to plausibly allege this element. In *Stansell v. BGP, Inc.*, 2011 WL 1296881 at *9 (M.D. Fla. 2011), the plaintiffs alleged that the defendant had made payments to a terrorist group as protection money "to allow [Defendants] to conduct [their] oil exploration activities without fear of terrorist acts." *Id*. at *9 (quotation omitted). The court concluded that "[t]his allegation would not lead an objective observer to conclude Defendants intended to achieve any one of the results listed in § 2331(1)(B)." *Id*. Because the plaintiffs "fail[ed] to adequately plead this required element," the court dismissed the complaint. *Id*.

Similarly, in *Stutts v. De Dietrich Group*, 2006 WL 1867060, at *2 (E.D.N.Y. 2006), the plaintiffs asserted that the defendant banks violated the ATA by issuing letters of credit to companies that allegedly sold chemicals to Iraq that were used in chemical weapons. The court dismissed the claim because these allegations, even if true, did not demonstrate that the

2

defendants' "actions [were] designed to coerce civilians or government entities as required under § 2331." *Id.*; accord, *Kaplan v. Jazeera*, 2011 WL 2314783 (S.D.N.Y. 2011).[1]

Here, Plaintiffs' own allegations concede the necessity of adequately pleading an objective terroristic purpose. But their allegations regarding this necessary element of their ATA claims are merely a "'formulaic recitation of the elements of a cause of action'" that is plainly insufficient under *Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.,* 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs assert:

> The Defendants' agreement to enter into the Conspiracy and purposeful transfer of billions of dollars through the United States in a manner designed to purposefully circumvent monitoring by U.S. regulators and law enforcement agencies … were themselves acts of international terrorism because they either were, or objectively appear to have been intended to: (a) intimidate or coerce the civilian population of the United States and other nations, (b) influence the policy of the governments of the United States and other nations by intimidation or coercion, and/or (c) affect the conduct of the governments of the United States and other nations by facilitating the IRGC-QF, Hezbollah and/or the Special

---

[1]    *Weiss*'s recognition—in the context of a case involving a Section 2339B allegation—that the objective terroristic intent requirement of Section 2331(1)(B) imposes an additional requirement for an ATA civil claim beyond proof of the elements of the underlying predicate offenses confirms that district courts must assess a complaint's allegations to determine whether this requirement of the civil cause of action has been plausibly alleged. Pre-*Weiss*, some courts had indicated that an alleged Section 2339B violation automatically "satisfies each of the prongs of [Section] 2331." *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 427 (E.D.N.Y. 2009). *Weiss* makes clear that each element must be assessed separately, but of course the factual allegations relating to the Section 2339B allegation may in some cases also plausibly establish the objective terroristic intent requirement as well. In *Goldberg*, for example, the defendant was alleged to have provided banking services directly to a designated terrorist organization—Association de Secours Palestinien. *Id.* at 415; *see also Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 46, 49 (D.D.C. 2010) (holding that plaintiffs "must continue their allegations" to separately plead an objective terroristic purpose and finding allegations sufficient where plaintiffs alleged, inter alia, that the defendant bank had a direct relationship with an FTO, that the Chinese government informed the bank that its "transfers were enabling the terrorist activities of the [FTO]," and that the bank "knowingly continued to carry out the [FTO] Transfers after being expressly warned of the consequences of its actions and asked to desist"). There are no remotely comparable allegations of *direct* financial transactions with terrorists at issue here.

> Groups' abilities to prepare for, support, fund, train, initiate, and/or carry out mass destruction and murder.

Compl. ¶ 1311. This "threadbare recital[] of the elements of [the ATA] cause of action, supported by mere conclusory statements" does "not suffice." *Mastafa v. Chevron Corp.,* 770 F.3d 170, 177 (2d Cir. 2014) (quotation omitted). Plaintiffs must do more than repeat the statutory language to satisfy their pleading obligation.

The acts alleged to have been undertaken by the Moving Defendants provide no plausible basis for concluding that a reasonable objective observer could believe that the Moving Defendants intended to cause a terrorist goal, such as intimidating the population of the United States. *See* 28 U.S.C. § 2331(1)(B). It is implausible to believe that the Defendants, "large international corporation[s]," *intended* to cause the acts against U.S. military members that injured Plaintiffs. *Mastafa*, 770 F.3d at 194. To the contrary, the "far more plausible inference" (*Wilson v. Dantas*, 746 F.3d 530, 537 (2d Cir. 2014)) that an objective observer would draw is that—in light of the fact that Iran "has many legitimate agencies, operations, and programs to fund" (*Rothstein v. UBS AG,* 708 F.3d 82, 97 (2d Cir. 2013))—Defendants did *not* provide services to Iranian banks for the *purpose* of intimidating the U.S. population or achieving some other terrorist goal. Standard financial transactions "can serve an entirely different and acceptable purpose." *Kaplan*, 2011 WL 2314783, at *6.

## II.     Plaintiffs Fail To Allege The Scienter Requirement Of Sections 2239A And 2339B.

Plaintiffs seek to impose civil liability for the alleged violations of three criminal anti-terrorism statutes: 18 U.S.C. §§ 2332d, 2339A, and 2339B. For the reasons set forth in the Joint Memorandum at 24-26, Plaintiffs have failed to plead facts establishing a violation of Section 2333d. And Plaintiffs' do not adequately plead violations of Sections 2339A and 2339B

because they do not, and cannot, allege facts that plausibly establish the scienter element required by those statutes.

**Section 2339A.** Section 2339A requires proof that a defendant "provide[d] material support … ***knowing or intending*** that they are to be used" for a terrorist act. 18 U.S.C. § 2339A(a) (emphasis added). Plaintiffs make no factual allegations that meet this standard. The underlying terrorist acts on which Plaintiffs rely are roadside bombings and other attacks in Iraq, principally in violation of 18 U.S.C. § 2332f. Compl. ¶ 1301. Plaintiffs' Section 2339A claim therefore requires them to prove that Defendants *knew* that they were providing material support for roadside bombings or other attacks. Plaintiffs, however, plead no facts showing that any of the Moving Defendants knew they provided material support in aid of any attack in Iraq.

**Section 2339B.** Section 2339B requires that a plaintiff to prove that a defendant "***knowingly*** provide[d] material support or resources *to* a foreign terrorist organization." 18 U.S.C. § 2339B(a)(1) (emphasis added); *see also Holder v. Humanitarian Law Project*, 561 U.S. 1, 9 (2010). None of the Iranian banks with whom the Moving Defendants allegedly dealt, however, was an FTO—and Plaintiffs make no such allegation. Instead, Plaintiffs allege that Hezbollah and Kata'ib Hezbollah were designated FTOs. Compl. ¶¶ 2, 948. But Plaintiffs allege no facts showing the Moving Defendants *knew*, at the time they provided such alleged support, that their own conduct was providing material support to FTOs.[2] As a result, Plaintiffs' claims under Section 2339B fail as a matter of law.

---

[2]    Because a violation of Section 2339B turns on a showing that a defendant provided support "to" the terrorist entity (18 U.S.C. § 2339B(a)(1)), there must be a direct connection between the defendant and the designated terrorist group. *Humanitarian Law Project*, 561 U.S. at 24 ("to" indicates the need for proof of "a connection between the service and the foreign group"). While provision of material support to an alter ego or an alias of a terrorist group may qualify, the statute does not encompass the provision of material support to someone *other* than a designated terrorist organization. *See Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 442 (E.D.N.Y.

The Second Circuit in *Weiss* recently addressed the requisite scienter for liability under 18 U.S.C. § 2339B. 768 F.3d 202. As this Court is aware, the plaintiffs in *Weiss* are victims of terrorist attacks launched in Israel by Hamas. They alleged that defendant National Westminster Bank PLC ("NatWest") provided financial services to the Palestine Relief & Development Fund ("Interpal"), after NatWest knew that the United States had "designated Interpal as a Specially Designated Global Terrorist." *Id*. at 205. In so designating Interpal, the United States explained that Interpal "has been a principal charity utilized to hide the flow of money to HAMAS." *Id*. And Hamas was an FTO. *Id*.

The Second Circuit concluded that the scienter element of Section 2339B requires a plaintiff to demonstrate either that a "defendant has actual knowledge" that the organization with which it is dealing "engages in terrorist activity" or that a defendant "knows there is a substantial probability that the organization engages in terrorism but does not care"—i.e., it is deliberately indifferent. *Weiss*, 768 F.3d at 208. The Court found summary judgment could not be granted because evidence was sufficient to create a triable issue of fact regarding NatWest's knowledge. *Id*. at 211.[3]

Here, Plaintiffs fail to satisfy the *Weiss* standard. Plaintiffs allege facts showing only that the Moving Defendants provided financial services to Iranian banks. *See, e.g.,* Compl. ¶ 1014-15, 1189-90. Plaintiffs, however, fail to allege that the Moving Defendants knew that those Iranian

---

2013). Plaintiffs do not allege that Defendants provided support "to" designated terrorist organizations—they allege that Defendants provided support "to" Iranian commercial banks, which then dealt with Iran, which then provided support "to" terrorist entities, which then supported the attacks in Iraq detailed in the Complaint. Given these allegations of intervening parties, Section 2339B does not apply.

[3]   Additionally, "routine banking services" typically do not qualify as material support *unless* the defendant has knowledge of the underlying unlawful conduct. Thus, in *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 118, 124 (2d Cir. 2013), the Second Circuit expressed doubt as to an ATA theory premised on "providing routine banking services."

banks funded terrorists who caused Plaintiffs' injuries—as *Weiss* requires. Instead, Plaintiffs allege in conclusory fashion—and with no factual support—that the Moving Defendants entered into a conspiracy with Iran, a U.S.-designated state-sponsor of terrorism. *See, e.g.*, Compl. ¶¶ 757, 759, 763. The allegations in the Complaint fail to provide a sufficient, plausible factual basis to reach even *this* conspiracy conclusion. In any event, allegations regarding Iran are insufficient under *Weiss* to demonstrate the kind of knowledge that the ATA requires—knowledge by a defendant that its acts were aiding the *foreign terrorist organization* that caused their injuries as defined in 18 U.S.C. § 2339B(a)(1).

Iran, as a government of a large country—with which much of the world actively trades—"has many legitimate agencies, operations, and programs to fund." *Rothstein*, 708 F.3d at 97. Knowing that one is doing business with or in Iran, or even knowing that Iran finances terrorists, does not as a matter of law supply knowledge that one is, in fact, *aiding a foreign terrorist organization*. *See Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 432 (E.D.N.Y. 2013) ("Congress has specifically found that 'foreign organizations that engage in terrorist activity are so tainted by their criminal conduct that any contribution to such an organization facilitates that conduct.' The same thing cannot be said about a government." (citation omitted)). Were it otherwise, anyone who remits fees to the government of Iran—from tourists who purchase visas to pistachio exporters who pay duties—could be said to, in turn, *aid terrorists*. ATA liability (which is both criminal and civil) could not—and does not—expand so broadly. Plaintiffs have not alleged, as required by *Weiss*, that the Defendants had knowledge that, or exhibited deliberate indifference to whether, they were providing support to acts of terrorism or FTOs.

Plaintiffs attempt to fill the glaring gaps in their claim with the bald allegation that Defendants "knowingly, or with deliberate indifference, providing material support to a State Sponsor of Terrorism and its agents … and knowing or being deliberately indifferent to the fact that such material support *could* be used to prepare for or carry out violations of 18 U.S.C. §§ 2332(a), 2332(b), 2332(c), and/or 2332f." Compl. ¶ 1301 (emphasis added). Plaintiffs' use of the word "could" demonstrates the fatal defect in their claim. Plaintiffs cannot assert that Defendants *did* know that their financial services were being used to carry out terrorist attacks or aid FTOs, because any such assertion—unsupported by specific factual allegations—would be implausible. *Mastafa*, 770 F.3d at 194.[4]

---

[4] Although the Second Circuit in *Weiss* used the term "deliberate indifference" in passing, the Supreme Court has held that when a statute requires knowledge, only a showing of "willful blindness" may suffice to satisfy the "knowledge" requirement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068-69 (2011). This turns on a showing that a defendant was willfully blind by "deliberately shielding themselves from clear evidence of critical facts that are strongly suggested by the circumstances." *Id*. This is a standard more demanding that deliberate indifference. *Id.* at 2071. Plaintiffs' allegations fall far short of that standard here.

## CONCLUSION

For the foregoing reasons, as well as those set out in the Joint Memorandum, the Court should grant the Moving Defendants' Motion to Dismiss, dismissing all claims asserted against the Moving Defendants.


MAYER BROWN LLP

/s/ Mark G. Hanchet
Mark G. Hanchet
1221 Avenue of the Americas
New York, NY 10020-1001
(212) 506-2500
MHanchet@mayerbrown.com

Andrew J. Pincus
Paul W. Hughes
1999 K Street, N.W.
Washington, CC 20006-1101
(202) 263-3000
APincus@mayerbrown.com
PHughes@mayerbrown.com

*Attorneys for Defendants HSBC Holdings
PLC, HSBC Bank PLC, HSBC Bank Middle
East Limited, HSBC Bank USA, N.A.*


CLIFFORD CHANCE US LLP

/s/ Steven T. Couttreau
Steven T. Couttreau
2001 K Street NW
Washington, DC  20006-1001
(202) 912-5000
Steve.Couttreu@cliffordchance.com

Robert G. Houck
Jamie L. Hoxie
31 West 52nd Street
New York, NY 10019-6131
(212) 878-8000
Robert.Houck@cliffordchance.com
Jamie.Hoxie@cliffordchance.com

*Attorneys for Defendant The Royal Bank of
Scotland N.V.*


March 16, 2015

9

**<u>Certificate of Service</u>**

       I hereby certify that on March 16, 2015, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:  all counsel of record.

                       MAYER BROWN LLP

                       <u>/s/ Mark G. Hanchet</u>
                       Mark G. Hanchet
                       1221 Avenue of the Americas
                       New York, NY 10020-1001
                       (212) 506-2500
                       MHanchet@mayerbrown.com