**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLOTTE FREEMAN, et al.<br><br>Plaintiffs,<br><br>v.<br><br>HSBC HOLDINGS PLC, et al.<br><br>Defendants. | 14-CV-6601 (DLI/CLP) |

**SUPPLEMENTAL MEMORANDUM OF LAW OF**
**HSBC HOLDINGS PLC, HSBC BANK PLC,**
**HSBC BANK MIDDLE EAST LIMITED, HSBC BANK USA, N.A.,**
**AND THE ROYAL BANK OF SCOTLAND N.V.**
**IN SUPPORT OF MOTION TO DISMISS**

May 29, 2015

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................3

*Boim v. Holy Land Found. for Relief & Dev.*,
549 F.3d 685 (7th Cir. 2008) (en banc) ................................................................ 1-2

*Goldberg v. UBS AG*,
660 F. Supp. 2d 410 (E.D.N.Y. 2009) .......................................................................2

*Kaplan v. Jazeera*,
No. 10-cv-5298, 2011 WL 2314783 (S.D.N.Y. June 7, 2011) ...............................2, 4

*Mastafa v. Chevron Corp.*,
770 F.3d 170 (2d Cir. 2014)...................................................................................3, 4

*Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.*,
712 F.3d 705 (2d Cir. 2013).......................................................................................3

*Rothstein v. UBS AG*,
708 F.3d 82 (2d Cir. 2013).........................................................................................4

*Stansell v. BGP, Inc.*,
No. 8:09-cv-2501, 2011 WL 1296881 (M.D. Fla. Mar. 31, 2011) .............................2

*Stutts v. De Dietrich Group*,
No. 03-cv-4058, 2006 WL 1867060 (E.D.N.Y. June 30, 2006) .................................2

*Weiss v. National Westminster Bank PLC*,
768 F.3d 202 (2d Cir. 2014)...................................................................................1, 2

*Wilson v. Dantas*,
746 F.3d 530 (2d Cir. 2014).......................................................................................4

*Wultz v. Islamic Republic of Iran*,
755 F. Supp. 2d 1 (D.D.C. 2010) ...............................................................................2

**Statute**

18 U.S.C. § 2331(1)(B)..........................................................................................1, 3

Defendants HSBC Holdings plc, HSBC Bank plc, HSBC Bank Middle East Limited, and HSBC BANK USA, N.A. (collectively, "HSBC"), and The Royal Bank of Scotland N.V. ("RBS N.V."), fully join the Moving Defendants' Joint Memorandum in Support of the Motion to Dismiss (the "Joint Memorandum"), which demonstrates that the Amended Complaint (the "Complaint") must be dismissed as to the Moving Defendants because (1) there is a lack of proximate cause, (2) civil conspiracy is not cognizable under the Anti-Terrorism Act ("ATA"), and (3) the Section 2332d predicate offenses separately fail.

HSBC and RBS N.V. file this supplemental memorandum to address an additional reason that the Court should grant the Moving Defendants' motion to dismiss. Plaintiffs fail to allege that the Moving Defendants engaged in banking transactions with an objective terroristic purpose, which (as the Second Circuit recently explained in *Weiss v. National Westminster Bank PLC,* 768 F.3d 202 (2d Cir. 2014)) is a necessary element of an ATA civil claim.

Plaintiffs' claims are defective because the Complaint does not plausibly allege that a reasonable observer would perceive the Moving Defendants' alleged acts as intended to achieve a terroristic purpose. The conduct alleged here—principally the provision of funds transfer services involving Iranian commercial banks[1]—would not appear to an objective observer to be intended to accomplish terrorist goals. The allegations therefore fail to state an ATA claim.

The Second Circuit recently explained that a "definitional requirement" of the ATA (*Weiss,* 768 F.3d at 207 n.6) is that the defendant's act must "appear to be intended" (i) "to intimidate or coerce a civilian population," (ii) "to influence the policy of a government by intimidation or coercion," or (iii) "to affect the conduct of a government by mass destruction, assassination, or kidnapping." 18 U.S.C. § 2331(1)(B). This requirement serves the essential purpose of "distinguish[ing] terrorist acts from other violent crimes." *Boim v. Holy Land Found.*

[1] *See, e.g.*, Compl. ¶¶ 12, 14, 235, 238-39, 257-58, 334-45, 359, 412, 507-23, 542.

*for Relief & Dev.*, 549 F.3d 685, 694 (7th Cir. 2008) (en banc). "The requirement to 'appear to be intended ...' does not depend on the actor's beliefs, but imposes on the actor an objective standard to recognize the apparent intentions of actions." *Weiss*, 768 F.3d at 207 n.6.

District courts both within and outside of the Second Circuit have dismissed ATA claims that fail to plausibly allege this element. In *Stansell v. BGP, Inc.*, No. 8:09-cv-2501, 2011 WL 1296881, at *9 (M.D. Fla. Mar. 31, 2011), the plaintiffs alleged that the defendant had made payments to a terrorist group as protection money "to allow [Defendants] to conduct [their] oil exploration activities without fear of terrorist acts." *Id.* at *9 (quotation omitted). The court concluded that "[t]his allegation would not lead an objective observer to conclude Defendants intended to achieve any one of the results listed in § 2331(1)(B)." *Id.* Because the plaintiffs "fail[ed] to adequately plead this required element," the court dismissed the complaint. *Id.*

Similarly, in *Stutts v. De Dietrich Group*, No. 03-cv-4058, 2006 WL 1867060, at *2 (E.D.N.Y. June 30, 2006), the plaintiffs asserted that the defendant banks violated the ATA by issuing letters of credit to companies that allegedly sold chemicals to Iraq that were used in chemical weapons. The court dismissed the claim because these allegations, even if true, did not demonstrate that the defendants' "actions [were] designed to coerce civilians or government entities as required under § 2331." *Id.* at *2; accord, *Kaplan v. Jazeera*, No. 10-cv-5298, 2011 WL 2314783 (S.D.N.Y. June 7, 2011).[2]

---

[2] *Weiss*'s recognition—in the context of a case involving a Section 2339B allegation—that the objective terroristic intent requirement of Section 2331(1)(B) imposes an additional requirement for an ATA civil claim beyond proof of the elements of the underlying predicate offenses confirms that district courts must assess a complaint's allegations to determine whether this requirement of the civil cause of action has been plausibly alleged. Pre-*Weiss*, some courts had indicated that an alleged Section 2339B violation automatically "satisfies each of the prongs of [Section] 2331." *Goldberg v. UBS AG*, 660 F. Supp. 2d 410, 427 (E.D.N.Y. 2009). *Weiss* makes clear that each element must be assessed separately, but of course the factual allegations relating to the Section 2339B allegation may in some cases also plausibly establish the objective terroristic intent requirement as well. In *Goldberg*, for example, the defendant was alleged to have knowingly provided banking services directly to a designated terrorist organization—Association de Secours Palestinien. *Id.* at 415; *see also Wultz v. Islamic Republic of Iran*, 755 F. Supp. 2d 1, 46, 49 (D.D.C. 2010) (holding that plaintiffs "must continue their allegations" to separately plead an objective terroristic

Here, Plaintiffs' own allegations concede the necessity of adequately pleading an objective terroristic purpose. But their allegations regarding this necessary element of their ATA claims are merely a "'formulaic recitation of the elements of a cause of action'" that is plainly insufficient under *Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc.,* 712 F.3d 705, 717 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plaintiffs assert:

> The Defendants' agreement to enter into the Conspiracy and purposeful transfer of billions of dollars through the United States in a manner designed to purposefully circumvent monitoring by U.S. regulators and law enforcement agencies foreseeably resulted in material support being delivered in order to carry out or prepare for [ATA violations] by the IRGC, Hezbollah and/or the Special Groups, and were thus themselves acts of international terrorism because they either were, or objectively appear to have been intended to: (a) intimidate or coerce the civilian population of the United States and other nations, (b) influence the policy of the governments of the United States and other nations by intimidation or coercion, and/or (c) affect the conduct of the governments of the United States and other nations by facilitating the IRGC-QF, Hezbollah and/or the Special Groups' abilities to prepare for, support, fund, train, initiate, and/or carry out mass destruction and murder.

Compl. ¶ 1482. This "threadbare recital[] of the elements of [the ATA] cause of action, supported by mere conclusory statements" does "not suffice." *Mastafa v. Chevron Corp.,* 770 F.3d 170, 177 (2d Cir. 2014) (quotation omitted). Plaintiffs must do more than repeat the statutory language to satisfy their pleading obligation.

The acts alleged to have been undertaken by the Moving Defendants provide no plausible basis for concluding that a reasonable objective observer could believe that the Moving Defendants intended to cause a terrorist goal, such as intimidating the population of the United States. *See* 28 U.S.C. § 2331(1)(B). It is implausible to believe that the Defendants, "large

---

purpose and finding allegations sufficient where plaintiffs alleged, inter alia, that the defendant bank had a direct relationship with an FTO, that the Chinese government informed the bank that its "transfers were enabling the terrorist activities of the [FTO]," and that the bank "knowingly continued to carry out the [FTO] Transfers after being expressly warned of the consequences of its actions and asked to desist"). There are no remotely comparable allegations of *direct* financial transactions with terrorists at issue here.

international corporation[s]," *intended* to cause the acts against U.S. military members that injured Plaintiffs. *Mastafa*, 770 F.3d at 194. To the contrary, the "far more plausible inference" (*Wilson v. Dantas*, 746 F.3d 530, 537 (2d Cir. 2014)) that an objective observer would draw is that—in light of the fact that Iran "has many legitimate agencies, operations, and programs to fund" (*Rothstein v. UBS AG,* 708 F.3d 82, 97 (2d Cir. 2013))—Defendants did *not* provide the alleged services for the *purpose* of intimidating the U.S. population or achieving some other terrorist goal. Standard financial transactions "can serve an entirely different and acceptable purpose." *Kaplan*, 2011 WL 2314783, at *6. Because Plaintiffs have pled no facts alleging an objective terroristic purpose as required by § 2331(1)(B), the Court should dismiss the claims against the Moving Defendants in the Complaint.

## CONCLUSION

For the foregoing reasons, as well as those set out in the Joint Memorandum, the Court should grant the Moving Defendants' Motion to Dismiss, dismissing all claims asserted against the Moving Defendants.

MAYER BROWN LLP

/s/ *Mark G. Hanchet*
Mark G. Hanchet
1221 Avenue of the Americas
New York, NY 10020-1001
(212) 506-2500
MHanchet@mayerbrown.com

Andrew J. Pincus
Paul W. Hughes
1999 K Street, N.W.
Washington, CC 20006-1101
(202) 263-3000
APincus@mayerbrown.com
PHughes@mayerbrown.com

*Attorneys for Defendants HSBC Holdings PLC, HSBC Bank PLC, HSBC Bank Middle East Limited, HSBC Bank USA, N.A.*

CLIFFORD CHANCE US LLP

/s/ *Steven T. Cottreau*
Steven T. Cottreau
2001 K Street NW
Washington, DC 20006-1001
(202) 912-5000
Steve.Cottreau@cliffordchance.com

Robert G. Houck
Jamie L. Hoxie
31 West 52nd Street
New York, NY 10019-6131
(212) 878-8000
Robert.Houck@cliffordchance.com
Jamie.Hoxie@cliffordchance.com

*Attorneys for Defendant The Royal Bank of Scotland N.V.*

May 29, 2015

**Certificate of Service**

I hereby certify that on May 29, 2015, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants: all counsel of record.

MAYER BROWN LLP

/s/ *Mark G. Hanchet*

Mark G. Hanchet
1221 Avenue of the Americas
New York, NY 10020-1001
(212) 506-2500
MHanchet@mayerbrown.com