UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLOTTE FREEMAN, et al.,

                              Plaintiffs,

          -against-                                    14-CV-6601 (DLI/CLP)

HSBC HOLDINGS PLC, et al.,                             **Oral Argument Requested**

                              Defendants.


# DEFENDANT COMMERZBANK AG'S SUPPLEMENTAL
# REPLY MEMORANDUM OF LAW IN FURTHER
# SUPPORT OF ITS MOTION TO DISMISS


CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Defendant Commerzbank AG


August 7, 2015

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT..............................................................................................................................2

    I.      THE COURT SHOULD DISMISS THE IRISL CLAIM FOR FAILURE
           TO STATE A CLAIM ............................................................................................2

    II.     COMMERZBANK IS SUBJECT TO SPECIFIC PERSONAL
           JURISDICTION ONLY TO THE EXTENT THAT PLAINTIFFS'
           CLAIMS "ARISE OUT OF" TRANSACTIONS THAT TRANSITED
           THROUGH THE UNITED STATES.......................................................................4

CONCLUSION............................................................................................................................5

# TABLE OF AUTHORITIES

**Page(s)**

<u>**Cases**</u>

*Fontanetta v. Am. Bd. of Internal Med.*,
421 F.2d 355 (2d Cir. 1970) .................................................................................................. 5

*O'Neill v. Al Rajhi Bank (In re Terrorist Attacks on Sept. 11, 2001)*,
714 F.3d 118 (2d Cir. 2013) .................................................................................................. 2

*O'Neill v. Asat Trust Reg. (In re Terrorist Attacks on Sept. 11, 2001)*,
714 F.3d 659 (2d Cir. 2013) .................................................................................................. 3

*Rothstein v. UBS AG*,
708 F.3d 82 (2d Cir. 2013) .................................................................................................... 4

*State v. Samaritan Asset Mgmt. Servs., Inc.*,
874 N.Y.S.2d 698 (Sup. Ct. N.Y. Cnty. 2008) .................................................................... 5

*Strauss v. Credit Lyonnais, S.A.*,
925 F. Supp. 2d 414 (E.D.N.Y. 2013) (Irizarry, J.) ............................................................ 4

Defendant Commerzbank AG ("Commerzbank") fully joins Defendants' Joint Reply Memorandum in Further Support of Motion to Dismiss (the "Joint Reply"). Commerzbank respectfully submits this supplemental reply memorandum in further support of its motions to dismiss (1) Plaintiffs' Fifth Claim for Relief, which is asserted only against Commerzbank, because it fails to state a claim on which relief can be granted, and (2) all of the Complaint's claims against Commerzbank for lack of personal jurisdiction over Commerzbank, to the extent that Plaintiffs are purporting to assert those claims based on any transactions that did not transit the United States.[1]

## PRELIMINARY STATEMENT

Commerzbank and the other Moving Defendants demonstrated in their opening briefs that the Complaint (1) fails to plead the proximate causation element required of all civil claims under the ATA, and (2) relies on a non-cognizable civil conspiracy theory of liability, and thus fails to state a claim under *Rothstein*, *Al Rajhi* and other controlling Second Circuit precedent. As the Moving Defendants show in their Joint Reply, Plaintiffs have failed to demonstrate how their First, Second, and Fourth Claims for Relief can survive, and thus the Court should dismiss all of these claims as pleaded against the Moving Defendants. For the reasons stated below, the Court should also dismiss the remaining claim against Commerzbank – the Fifth Claim for Relief (i.e., the IRISL Claim) – because, as Commerzbank demonstrated in its supplemental opening brief, that claim fails to plead proximate causation in compliance with controlling Second Circuit precedents. Finally, contrary to Plaintiffs' mischaracterization of Commerzbank's position with respect to personal jurisdiction, Commerzbank is entitled to

---

[1] Capitalized terms, unless otherwise defined herein, have the meaning given to them in the Joint Reply and in Commerzbank's supplemental opening brief, which is cited as "Commerzbank Br."

preserve its defense that it is not subject to the Court's personal jurisdiction to the extent that

Plaintiffs purport to base any claims on transactions having no nexus to the United States.

## ARGUMENT

## I.   THE COURT SHOULD DISMISS THE IRISL CLAIM FOR FAILURE TO STATE A CLAIM

As shown in Commerzbank's supplemental opening brief, the IRISL Claim

alleges only that Commerzbank performed dollar-clearing services for IRISL, but the Complaint

does not allege that IRISL participated in any of the attacks by which Plaintiffs were injured.

Commerzbank Br. at 8.  The Complaint also does not allege that Commerzbank engaged in any

transactions with – or that the dollars it cleared for IRISL were transferred to – Hezbollah, the

Qods Force, or any other terrorist or terrorist organization that is alleged to have perpetrated the

attacks.  *Id.*  Nor does the Complaint allege that IRISL is an *alter ego* of, or controlled by,

Hezbollah or any other terrorist or terrorist organization responsible for the attacks, and thus that

Commerzbank's provision of dollar-clearing services for IRISL could be deemed a direct cause

of the attacks on that basis.  *Id.* at 9.  Finally, the fact that IRISL is an OFAC-sanctioned SDN –

but unlike Hezbollah is *not* a designated FTO – does not transform the IRISL Claim into one

alleging a direct causal relationship between Commerzbank and the attacks.  *Id.* at 8-9.

Thus, like the other Claims for Relief asserted in the Complaint, the IRISL Claim

alleges only that Commerzbank provided *indirect* support for the terrorist groups or attacks at

issue.  But the IRISL Claim does not plead the facts necessary for such an *indirect* support claim,

and therefore it fails to satisfy the ATA's indispensable proximate causation element, for the

same reasons as Plaintiffs' remaining claims.  *See* Joint Mem. at 10-20; Joint Reply at 2-11;

Commerzbank Br. at 9-10,  *citing, inter alia, O'Neill v. Al Rajhi Bank (In re Terrorist Attacks*

*on Sept. 11, 2001)*, 714 F.3d 118, 124 (2d Cir. 2013) (holding that allegations of Al Rajhi Bank's

provision of financial services to Al-Haramain, which had been designated by OFAC as an SDGT for its alleged support of al Qaeda, did not suffice to plausibly plead proximate cause because there were no "factual allegations" that the funds provided by Al Rajhi Bank to Al-Haramain *actually were transferred* to al Qaeda *or* that such funds were a *but-for* cause of the September 11, 2001 attacks). *See also O'Neill v. Asat Trust Reg. (In re Terrorist Attacks on Sept. 11, 2001)*, 714 F.3d 659, 668 (2d Cir. 2013).

   In their Opposition, Plaintiffs attempt to distinguish *Al Rajhi* by asserting that the IRISL Claim *does* allege that Commerzbank provided direct support for Hezbollah and other foreign terrorist organizations, Pls. Opp'n at 35, and that IRISL is a mere "instrumentality of Iran," *id.* at 35-36 (emphasis omitted). The first assertion is simply incorrect, and the second is immaterial.

   First, in support of their argument that the Complaint pleads facts showing that Commerzbank provided direct support to Hezbollah, Plaintiffs point only to allegations that *Iran* and "conspirators" *other than Commerzbank* directly supported Hezbollah. *See* Pls. Opp'n at 35.[2] Contrary to Plaintiffs' unsupported assertion, the Complaint contains no non-conclusory allegation that Commerzbank, or any other of the Moving Defendants, directly supported Hezbollah or any other foreign terrorist organization that is alleged to have participated in the attacks at issue. *See* Joint Reply at 4-6. Thus, the IRISL Claim, like the other Claims for Relief, does not sufficiently plead the proximate causation element of a civil ATA claim under *Rothstein* and *Al Rajhi*.

---

[2] As noted in Commerzbank's supplemental opening brief, unlike the other Claims for Relief, the IRISL Claim does not appear to rest on a civil conspiracy theory of liability, but to the extent it does so, it fails to state a claim because the ATA does not provide for such conspiracy–based liability. *See* Commerzbank Br. at 10-11; Joint Reply at 11-17.

Second, Plaintiffs attempt to distinguish *Al Rajhi* by arguing that (a) the entity for which the defendants provided banking services in that case, Al-Haramain, was "independent" of al Qaeda even though it was sanctioned by OFAC for its alleged support of al Qaeda, but (b) Plaintiffs contend here that IRISL is "*an instrumentality of Iran*, a State Sponsor of Terrorism, not an independent entity that merely supports Iran." Pls. Opp'n at 35-36. But even if IRISL were a mere "instrumentality" of Iran, such that providing banking services for IRISL is in effect providing such services for Iran itself, *Rothstein* holds that the provision of funds to Iran, without any factual allegations that those funds were transferred to the FTO that committed the attacks at issue, are insufficient to plead proximate causation. *See Rothstein v. UBS AG*, 708 F.3d 82, 97 (2d Cir. 2013). Nor are Plaintiffs helped by *Strauss* and similar decisions, which hold that the directness requirement is satisfied by showing the support was provided to *alter egos* of the FTO that committed an attack. The Complaint here does not allege, and Plaintiffs do not argue, that IRISL is an *alter ego* of *Hezbollah* or any other FTO that is alleged to have perpetrated the attacks at issue. As this Court has explained, the distinction between providing funds to an instrumentality of an FTO and providing funds to a State Sponsor of Terrorism is "meaningful" in the proximate cause analysis: the former may suffice to state a claim under the ATA, but the latter does not as a matter of law. *See Strauss v. Credit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 433 (E.D.N.Y. 2013) (Irizarry, J.).

Accordingly, the IRISL Claim should be dismissed for failure to state a claim.

## II.   COMMERZBANK IS SUBJECT TO SPECIFIC PERSONAL JURISDICTION ONLY TO THE EXTENT THAT PLAINTIFFS' CLAIMS "ARISE OUT OF" TRANSACTIONS THAT TRANSITED THROUGH THE UNITED STATES

Plaintiffs mischaracterize Commerzbank's position on personal jurisdiction. Pls. Opp'n at 62. When claims are based on separate transactions by a defendant both inside and outside the United States, the court's specific jurisdiction is limited solely to the claims based on

relevant forum contacts – that is, in this context, those banking transactions that transited the United States. *See Fontanetta v. Am. Bd. of Internal Med.*, 421 F.2d 355 (2d Cir. 1970); *State v. Samaritan Asset Mgmt. Servs., Inc.*, 874 N.Y.S.2d 698 (Sup. Ct. N.Y. Cnty. 2008). Commerzbank does not assert that it is not subject to this Court's personal jurisdiction with respect to plaintiffs' claims that arise out of transactions that passed through Commerzbank's New York branch. Instead, Commerzbank is expressly preserving, and does not waive, its defense that it is not subject to the Court's personal jurisdiction to the extent that plaintiffs seek to assert claims based on transactions processed by Commerzbank that did not have any contact with the United States. *See* Commerzbank Br. at 11-12.

## CONCLUSION

For all of the foregoing reasons and those stated in the Joint Reply, the Court should dismiss the Complaint in its entirety as against Commerzbank.

Dated: August 7, 2015
        New York, New York

Respectfully submitted,

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By:  *Lawrence B Friedman* /MG

Lawrence B. Friedman
Lewis J. Liman
Avram E. Luft
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Defendant Commerzbank AG

5