UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLOTTE FREEMAN, et al.,

                              Plaintiffs,

               -against-

HSBC HOLDINGS PLC, et al.,

                              Defendants.

14-CV-6601 (DLI/CLP)

**Oral Argument Requested**

## DEFENDANT COMMERZBANK AG'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for Defendant Commerzbank AG

September 14, 2016

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT .................................................................................... 1

SUMMARY OF RELEVANT ALLEGATIONS ........................................................... 2

    A.    Commerzbank ......................................................................................... 2

    B.    Commerzbank's Alleged Material Support For IRISL ............................. 2

    C.    Commerzbank's Alleged Material Support For Orphans Project Lebanon ............. 4

ARGUMENT ................................................................................................................. 5

I.    THE COURT SHOULD DISMISS THE IRISL CLAIM ................................... 5

    A.    The SAC Fails To Plead That Commerzbank's Support For IRISL
           Proximately Caused Plaintiffs' Injuries ............................................... 5

    B.    To The Extent That The IRISL Claim Rests On The Alleged Conspiracy,
           The Court Should Dismiss It For That Reason Too ............................... 8

II.    THE COURT SHOULD DISMISS THE ORPHANS PROJECT CLAIM ........ 8

    A.    The SAC Fails To Plead That Commerzbank's Support For Orphans
           Project Lebanon Proximately Caused Plaintiffs' Injuries ..................... 8

    B.    The Orphans Project Claim Should Also Be Dismissed For Lack Of
           Personal Jurisdiction ......................................................................... 10

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Daimler AG v. Bauman,*
134 S. Ct. 746 (2014)..................................................................................   10

*O'Neill v. Al Rajhi Bank (In re Terrorist Attacks on Sept. 11, 2001),*
714 F.3d 118 (2d Cir. 2013)........................................................................   1, 5, 7

*O'Neill v. Asat Trust Reg. (In re Terrorist Attacks on Sept. 11, 2001),*
714 F.3d 659 (2d Cir. 2013)........................................................................   7

*Rothstein v. UBS AG,*
708 F.3d 82 (2d Cir. 2013)..........................................................................   5, 8

*Strauss v. Credit Lyonnais, S.A.,*
925 F. Supp. 2d 414 (E.D.N.Y. 2013) .........................................................   6

*Strauss v. Credit Lyonnais, S.A.,*
No. 06-CV-702, 2016 WL 1305160 (E.D.N.Y. Mar. 31, 2016).........................   10

*Vaichunas v. Tonyes,*
877 N.Y.S.2d 204 (2d Dep't 2009)..............................................................   10

*Weiss v. Nat'l Westminster Bank PLC,*
453 F. Supp. 2d 609 (E.D.N.Y. 2006) ..........................................................   9

**Other Authorities**

S.C. Res. 1929.........................................................................................   3

U.S. Dep't of State, *Foreign Terrorist Orgs.,*
http://www.state.gov/j/ct/rls/other/des/123085.htm.........................................   3

U.S. Dep't of the Treasury, *Major Iranian Shipping Company Designated for
Proliferation Activity* (Sept. 10, 2008), http://www.treasury.gov/press-center/press-
releases/Pages/hp1130.aspx .......................................................................   3

U.S. Dep't of the Treasury, *Twin Treasury Actions Take Aim at Hizballah's Support
Network* (July 24, 2007), https://www.treasury. gov/press-center/press-
releases/Pages/hp503.asp ...........................................................................   4

U.S. Dep't of the Treasury, *What You Need to Know About Treasury Restrictions*,
http://www.treasury.gov/resourcecenter/sanctions/Programs/Documents/wmd.txt ........... 2

Defendant Commerzbank AG ("Commerzbank") fully joins Defendants' Joint Memorandum in Support of Motion to Dismiss (the "Joint Memorandum") the Second Amended Complaint (the "Complaint" or "SAC"), and respectfully submits this supplemental memorandum in support of its motion to dismiss claims asserted only against Commerzbank.[1]

## PRELIMINARY STATEMENT

The attacks on U.S. soldiers alleged in the Complaint are abhorrent. But Commerzbank is not responsible for those attacks, and Plaintiffs have not properly pleaded any claims against Commerzbank based on those attacks. The Court should therefore dismiss the First, Second and Fourth Claims for Relief against Commerzbank for the reasons shown in the Joint Memorandum. As shown below, the Court should also dismiss the remaining claims against Commerzbank – the Fifth Claim for Relief (the "IRISL Claim") and the Sixth Claim for Relief (the "Orphans Project Claim"), which is new to the SAC – because they too impermissibly seek to stretch the civil provision of the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333(a), beyond its bounds, as construed by the Second Circuit and this Court.

Both the IRISL Claim and the Orphans Project Claim are based on allegations that Commerzbank provided *indirect* support for foreign terrorist organizations, including Hezbollah and the IRGC, that allegedly are responsible (among others) for the attacks by which Plaintiffs were injured. Like the other indirect claims addressed in the Joint Memorandum, these claims fail to plead facts sufficient to satisfy the indispensable proximate cause element under controlling Second Circuit precedent, including *O'Neill v. Al Rajhi Bank (In re Terrorist Attacks on September 11, 2001)*, 714 F.3d 118 (2d Cir. 2013). Accordingly, for the reasons detailed

---

[1] Capitalized terms, unless otherwise defined herein, have the meaning given to them in the Joint Memorandum.

below, these claims should be dismissed. The Orphans Project Claim should also be dismissed for lack of personal jurisdiction because the SAC alleges no nexus between that claim and the United States.

## SUMMARY OF RELEVANT ALLEGATIONS

The IRISL Claim and the Orphans Project Claim allege that Commerzbank is civilly liable under 18 U.S.C. § 2333(a) for injuries Plaintiffs suffered in attacks in Iraq because Commerzbank allegedly provided material support to IRISL and Orphans Project Lebanon, purportedly while Commerzbank either knew or was deliberately indifferent to whether that support would be used in preparation for, or in carrying out, acts of international terrorism, purportedly in violation of 18 U.S.C. §§ 2339A, 2339B. *See* SAC ¶¶ 2254-73.

### A.    Commerzbank

Commerzbank is a major financial institution based in Frankfurt, Germany. *Id.* ¶ 96. In 2015, it entered into a deferred prosecution agreement with the U.S. Department of Justice in which it acknowledged having engaged in transactions with Iranian businesses, including IRISL, that violated U.S. sanctions laws. However, nothing in that agreement, which Plaintiffs concede was the product of "a wide-ranging investigation," links Commerzbank, or alleges that it provided any support, to any terrorists, terrorist organizations or terrorist activity. *Id.* ¶¶ 164, 992.

### B.    Commerzbank's Alleged Material Support For IRISL

On September 10, 2008, the United States Treasury's Office of Foreign Asset Control ("OFAC") designated IRISL as a Specially Designated National ("SDN"), *id.* ¶¶ 203, pursuant to Executive Order 13382, entitled "Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters." *See* U.S. Dep't of the Treasury, *What You Need to Know About Treasury Restrictions,*

http://www.treasury.gov/resourcecenter/sanctions/Programs/Documents/wmd.txt.[2]  That is

distinct from OFAC's counterterrorism sanctions program, as part of which OFAC designates

certain organizations or individuals as Specially Designated Global Terrorists ("SDGTs")

pursuant to Executive Order 13224.[3]  It is also distinct from the designations of Foreign Terrorist

Organizations ("FTOs") by the Secretary of State pursuant to Section 219 of the Immigration and

Nationality Act.  *See* U.S. Dep't of State, *Foreign Terrorist Orgs.*,

http://www.state.gov/j/ct/rls/other/des/123085.htm.

 The Complaint alleges that, beginning in 2002, Commerzbank assisted IRISL with U.S.

dollar fund transfers through the United States.  *Id.* ¶ 1019-20.  In addition, the Complaint

alleges that, during the four months following IRISL's designation as an SDN in September

2008, Commerzbank "illegally transferred almost $40 million on behalf of IRISL subsidiaries

and related entities through Commerzbank's New York branch and other U.S. financial

---

[2] The U.S. Treasury Department has associated IRISL with Iran's nuclear and missile programs, not terrorism or support for the IRGC or Hezbollah.  Press Release, U.S. Dep't. of the Treasury, *Major Iranian Shipping Company Designated for Proliferation Activity* (Sept. 10, 2008), http://www.treasury.gov/press-center/press-releases/Pages/hp1130.aspx.  The Complaint notes that United Nations Security Council Resolution 1929, which was adopted on June 9, 2010, "froze certain assets of IRISL and called on the international community to cease providing financial and insurance services" to IRISL.  SAC ¶ 215.  Like the 2008 OFAC designation, this U.N. resolution concerned measures against Iran in connection with its "enrichment-related and reprocessing activities, including research and development," not support for terrorism or connections with terrorist groups.  *See* S.C. Res. 1929, ¶ 37 (June 9, 2010).

[3] Even though IRISL has not been designated under terrorism sanctions programs, the Complaint alleges that IRISL "has a long history of facilitating arms shipments on behalf of the IRGC and the Iranian military."  SAC ¶ 197.  The bases for this allegation appear to be:  State Department cables that appear to implicate IRISL-flagged vessels in shipping arms from China to Iran that could be used against U.S. coalition forces in Iraq, *id.* ¶¶ 198-202; OFAC's designation of IRISL as a Specially Designated National discussed above, *id.* ¶¶ 203-04; the discovery of military cargo on ships associated with IRISL destined for Syria and Gaza, *id.* ¶¶ 205-14; the U.N. resolution freezing certain IRISL assets discussed above, *id.* ¶ 215; European Union sanctions against IRISL, *id.* ¶¶ 216-17; and a June 2011 indictment of IRISL, *id.* ¶ 218.  None of these contentions, however, links IRISL, or any military cargo it allegedly facilitated, to any of the attacks by which Plaintiffs were injured.

institutions." *Id.* ¶ 1022.  Based on these contentions, the Complaint then leaps to the conclusory allegation that the dollar-clearing services Commerzbank provided to IRISL foreseeably allowed IRISL to provide substantial assistance to Hezbollah and other terrorist groups allegedly responsible for Plaintiffs' injuries. *Id.* ¶ 2258.  But the Complaint does not contain a single allegation that any of the proceeds of the dollar-clearing transactions between Commerzbank and IRISL were in fact transferred to Hezbollah or any other terrorists who committed the attacks by which Plaintiffs were injured, or that these attacks would not have occurred but for Commerzbank's transactions with IRISL.

### C.     Commerzbank's Alleged Material Support For Orphans Project Lebanon

The Complaint alleges that Orphans Project Lebanon is a "Hezbollah fundraising organization" that maintained an account with Commerzbank in Germany, and that the "primary recipient of funds" from that account was the "Martyrs Foundation." *Id.* ¶¶ 1039-40.[4]  The Complaint states that the Martyrs Foundation (but not Orphans Project Lebanon) was "designated by the United States" on July 24, 2007, citing to the accompanying Treasury Department press release, *id.* ¶ 1040 n.65, which explains that OFAC designated the Martyrs Foundation as an SDGT because it allegedly "is an Iranian parastatal organization that channels financial support from Iran to several terrorist organizations in the Levant, including Hizballah, Hamas, and the Palestinian Islamic Jihad (PIJ)."  U.S. Dep't of the Treasury, *Twin Treasury Actions Take Aim at Hizballah's Support Network* (July 24, 2007), https://www.treasury. gov/press-center/press-releases/Pages/hp503.aspx.  Based solely on these allegations, the Complaint makes the conclusory assertion that Commerzbank provided "direct" support to

---

[4] The SAC does not contain any allegations about the currency of the transferred funds or that any transited the United States.

Hezbollah, SAC ¶ 1040, and thus foreseeably provided substantial assistance to terrorist attacks committed by Hezbollah, *id.* ¶¶ 2267-68.[5]  As with the IRISL Claim, however, there are no factual allegations that funds provided by Commerzbank on behalf of Orphans Project Lebanon to the Martyrs Foundation or any other entity actually were transferred to Hezbollah, or were a but-for cause of the attacks by which Plaintiffs were injured.

## ARGUMENT

**I.      THE COURT SHOULD DISMISS THE IRISL CLAIM**

### A.      The SAC Fails To Plead That Commerzbank's Support For IRISL Proximately Caused Plaintiffs' Injuries

As explained in the Joint Memorandum, an indispensable element of any claim under Section 2333(a) is that the defendant proximately caused the plaintiff's injuries.  Joint Memorandum at 12-17.  The Second Circuit has ruled that where, as here, a complaint alleges only that the defendant at most provided <u>indirect</u> support to the foreign terrorist organization that purportedly committed the attack by which the plaintiff was injured, the proximate cause requirement can be satisfied only by showing that funds provided by the defendant <u>actually were</u> <u>transferred</u> to that foreign terrorist organization <u>or</u> that such funds were otherwise a <u>but-for</u> cause of that attack.  *See Rothstein v. UBS AG*, 708 F.3d 82, 97 (2d Cir. 2013); *Al Rajhi*, 714 F.3d at 124.

The IRISL Claim is a claim for <u>indirect</u> support of terrorist acts, like those in *Rothstein* and *Al Rajhi*, because it alleges only that (1) Commerzbank provided support in the form of dollar clearing services to IRISL; (2) IRISL in turn provided material support to Hezbollah; and (3) Hezbollah, among others, was responsible for the attacks by which Plaintiffs were injured.

---

[5] Presumably, only Plaintiffs injured in attacks allegedly perpetrated by Hezbollah assert this claim, because the SAC does not attempt to connect Orphans Project Lebanon to other attacks.

*See* SAC ¶¶ 36, 626. The fact that IRISL, the entity with which Commerzbank transacted, is an OFAC-sanctioned entity does not make this a direct causation claim and is insufficient to satisfy the ATA's proximate cause requirement. *See infra* n.7.

As a preliminary matter, unlike Hezbollah, IRISL has <u>not</u> been designated by the Secretary of State as an FTO. *Compare* SAC ¶ 118 *with id.* ¶ 9. As this Court has previously noted, FTO designations are "separate [and made] under different regulations" than the OFAC sanctions programs. *See Strauss v. Crédit Lyonnais, S.A.*, 925 F. Supp. 2d 414, 451 (E.D.N.Y. 2013) (Irizarry, J.) (although the ATA expressly proscribes transacting with FTOs, it is not a *per se* violation of the ATA to transact with SDGTs). Moreover, the distinction between FTO designations and other sanctions programs is "meaningful" in the proximate cause analysis because Congress's finding that FTOs "are so tainted by their criminal conduct that any contribution to such an organization facilitates that conduct" is specific to FTOs and does not apply to other entities, even though they are involved in funding terrorism. *See Strauss*, 925 F. Supp. 2d at 433. Nor does the Complaint contain any allegations, much less non-conclusory allegations, that IRISL is an *alter ego* of, or controlled by, Hezbollah or any other FTO, such that IRISL can be said to be the same <u>entity</u> as that FTO, as would be alleged in the case of <u>direct</u> support. *Compare Strauss* 925 F. Supp. 2d at 434 ("A jury could find that Defendant sent the money to organizations that were controlled by Hamas, which is no different from sending the money directly to Hamas for purposes of the ATA.").

The Second Circuit has squarely ruled in *Al Rajhi* that a defendant's alleged funding of an entity that has been sanctioned by OFAC for its alleged support of an FTO is insufficient to satisfy the proximate cause element of an ATA claim, in the absence of factual allegations that the funds provided by the defendant actually were transferred to the FTO or were a but-for cause

6

of plaintiffs' injuries in an attack perpetrated by that FTO. In *Al Rajhi*, the complaint alleged that the defendants, including Al Rajhi Bank, were civilly liable for plaintiffs' injuries in the September 11, 2001 terrorist attacks because the defendants knowingly provided financial support and banking services "to purported charities that supported al Qaeda." 714 F.3d at 122, 123. For example, the complaint alleged that Al Rajhi Bank provided financial services to, among others, Al-Haramain Islamic Foundation ("Al-Haramain"), which had been designated by OFAC as an SDGT for its alleged support of al Qaeda. *O'Neill v. Asat Trust Reg. (In re Terrorist Attacks on Sept. 11, 2001)*, 714 F.3d 659, 668 (2d Cir. 2013).[6] *See also id.* at 667 (noting that the complaint alleged that Al-Haramain "exploited its non-profit status for the benefit of Osama bin Laden and his terrorist network al Qaeda, in the furtherance of international terrorism"). Nonetheless, the Second Circuit held that this allegation did not suffice to plausibly plead proximate cause because there were no "factual allegations" that the funds provided by defendants to Al-Haramain <u>actually were transferred</u> to al Qaeda <u>or</u> that such funds were a <u>but-for cause</u> of the September 11, 2001 attacks. *See Al Rajhi*, 714 F.3d at 124.

 *Al Rajhi* is therefore dispositive here. The Complaint contains no allegations that proceeds of the dollar clearing transactions between Commerzbank and IRISL actually were transferred to Hezbollah or to any other FTO that committed the attacks by which Plaintiffs were injured, or that such transactions were a but-for cause of those attacks.[7]

---

[6] The *Asat Trust* decision was issued by the same panel of the Second Circuit on the same day and in the same multi-district litigation as the *Al Rajhi* decision, which noted that "[t]he background of the case is discussed in detail in the two [other] opinions issued today . . . . We need not elaborate further here, and we assume the parties['] familiarity with the facts and procedural history of this sprawling multi-district litigation." *Al Rajhi*, 714 F.3d at 122.

[7] The addition of the conclusory allegation in the SAC that Commerzbank's IRISL transactions were, because of OFAC's designation of IRISL as an SDN, "self-evidently <u>not</u> for the benefit of a legitimate agency, operation or program of Iran," SAC ¶ 1023 (emphasis in original), is of no

[*Continued on Next Page*]

The IRISL Claim should therefore be dismissed.

**B.    To The Extent That The IRISL Claim Rests On The Alleged Conspiracy, The Court Should Dismiss It For That Reason Too**

The Complaint contains conclusory allegations that IRISL was part of a broadly-defined "Conspiracy" among the government of Iran, Iranian financial institutions and certain western banks. *See* SAC ¶ 340.  The IRISL Claim does not appear to rest on a civil conspiracy theory of liability, *see* SAC ¶¶ 2254-63, but if it did, the Court would still need to dismiss the IRISL Claim because, as the Joint Memorandum demonstrates, there is no civil conspiracy liability under the ATA. *See* Joint Memorandum at 24-27.

**II.   THE COURT SHOULD DISMISS THE ORPHANS PROJECT CLAIM**

**A.    The SAC Fails To Plead That Commerzbank's Support For Orphans Project Lebanon Proximately Caused Plaintiffs' Injuries**

Like the IRISL Claim, the Orphans Project Claim is based only on allegations of <u>indirect</u> support for terrorist acts, because it alleges that (1) Commerzbank provided commercial banking services to Orphans Project Lebanon; (2) Orphans Project Lebanon, from its Commerzbank account, provided funds to the Martyrs Foundation; (3) the Martyrs Foundation provided support to Hezbollah; and (4) Hezbollah, in turn, is (among others) responsible for the attacks by which Plaintiffs were injured.  SAC ¶¶ 1039-40, 2264-73.  Contrary to the conclusory subheading in the

---

consequence. *Rothstein*'s holding rested, in part, on the court's observation that "Iran is a government, and as such it has many legitimate agencies, operations, and programs to fund," 708 F.3d at 97, as noted above, but *Al Rajhi* extended *Rothstein*'s reasoning by expressly holding that the mere fact that the organization to which the defendant allegedly provided material support was designated by OFAC – even if that designation were made on the basis that the organization raised funds for the FTO that was responsible for the attack in question – is <u>not</u> sufficient to plead the requisite proximate cause element without further factual allegations that such support actually was transferred to the FTO or was a but-for cause of the attack.  In any event, the Complaint concedes that IRISL is "Iran's national maritime carrier" and provides legitimate services including a "variety of maritime transport services, including bulk, break-bulk, cargo and containerized shipping."  SAC ¶ 22 n.5.

SAC that Commerzbank "direct[ly] fund[ed]" Hezbollah through its account for Orphans Project Lebanon, *see* SAC at 196, the allegations that follow confirm that this subheading is merely an unfounded conclusion based on the indirect chain described above. *See id.* ¶ 1040 ("Commerzbank knowingly, or with deliberate indifference to the fact, continued to provide financial services to [Orphans Project Lebanon] *and hence continued to transfer funds to Hezbollah.*") (emphasis added).

The Orphans Project Claim therefore fails to plead the requisite proximate cause element for the same reasons as the IRISL Claim:

- Although the Martyrs Foundation was designated by OFAC, it was not designated by the Secretary of State as an FTO (nor was Orphans Project Lebanon or any other entity to which Commerzbank allegedly provided material support).

- There are no allegations (even conclusory ones) that either Orphans Project Lebanon or the Martyrs Foundation is an *alter ego* of, or controlled by, Hezbollah or any other FTO responsible for the attacks in which Plaintiffs were injured.[8]

- As noted above, there are no factual allegations that any funds transferred by Commerzbank on behalf of Orphans Project Lebanon to the Martyrs Foundation actually were transferred on to Hezbollah or to any other terrorist group responsible for Plaintiffs' injuries, nor are there any factual allegations that Commerzbank's provision of banking services to Orphans Project Lebanon was a but-for cause of Plaintiffs' injuries.

Thus, as with the IRISL Claim, the Orphans Project Claim should be dismissed.

---

[8] Simply adding the words "alter ego" or "control" to the Complaint would not change this conclusion. The SAC and the documents it incorporates show only that Orphans Project Lebanon and the Martyrs Foundation raise funds for or otherwise support Hezbollah, not that they are Hezbollah. As Judge Sifton ruled in *Weiss v. Nat'l Westminster Bank PLC*, "[m]erely providing financial support and supporting the terrorist objective of an FTO does not suffice to show that an organization is so dominated and controlled so as to have lost its independent identity." 453 F. Supp. 2d 609, 623 (E.D.N.Y. 2006) (dismissing ATA claims based on provision of material support to Interpal, an SDGT).

**B.      The Orphans Project Claim Should Also Be Dismissed For Lack Of Personal Jurisdiction**

Plaintiffs do not – and cannot – allege that Commerzbank, a German corporation with its principal place of business in Germany, is subject to this Court's <u>general</u> personal jurisdiction. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 760-62 & n.19 (2014). Instead, Plaintiffs allege that the Court may exercise <u>specific</u> personal jurisdiction over Commerzbank and the other Defendants based on their processing of U.S. dollar transactions through the United States. *See* SAC ¶ 60. As this Court has previously recognized, however, specific jurisdiction must be alleged for each claim asserted in the case. *See Strauss v. Credit Lyonnais, S.A.,* No. 06-CV-702, 2016 WL 1305160, at \*12 (E.D.N.Y. Mar. 31, 2016).

The SAC does not allege that <u>any</u> of the transactions that Commerzbank processed for Orphans Project Lebanon – not even a single one – transited the United States or even was in U.S. dollars. Rather, this claim only alleges that Commerzbank provided banking services to its customer in Germany, and the "primary recipient" of funds from that customer's account was in Lebanon. *See* ¶¶ SAC 1039-40. Without a "nexus" between the claim and the forum, there is no personal jurisdiction. *Cf. Strauss*, 2016 WL 1305160, at \*13 (personal jurisdiction appropriate over claims that "arise, at least in part, from" transfers made through New York).[9]

## CONCLUSION

For all of the foregoing reasons and those stated in the Joint Memorandum, the Court should dismiss the Complaint in its entirety as against Commerzbank.

---

[9] The other potentially relevant subsections of the CPLR – §§ 302(a)(2) and (3) – do not provide an alternative basis for specific personal jurisdiction over Commerzbank on this claim. The SAC does not allege that the Orphans Project Claim involved a "tortious act within the state" under Section 302(a)(2). Nor can Plaintiffs show an "injury to person or property within the state" under Section 302(a)(3) because all of the relevant injuries occurred in Iraq. *See Vaichunas v. Tonyes*, 877 N.Y.S.2d 204, 205 (2d Dep't 2009).

Dated: September 14, 2016
        New York, New York

                              Respectfully submitted,

                              CLEARY GOTTLIEB STEEN & HAMILTON LLP


                              By: _____
                                   Lawrence B. Friedman

                              One Liberty Plaza
                              New York, New York 10006
                              (212) 225-2000

                              Attorneys for Defendant Commerzbank AG

11