# CRAVATH, SWAINE & MOORE LLP

| | | WORLDWIDE PLAZA<br>825 EIGHTH AVENUE<br>NEW YORK, NY 10019-7475<br>TELEPHONE: +1-212-474-1000<br>FACSIMILE: +1-212-474-3700<br>———<br>CITYPOINT<br>ONE ROPEMAKER STREET<br>LONDON EC2Y 9HR<br>TELEPHONE: +44-20-7453-1000<br>FACSIMILE: +44-20-7860-1150<br>———<br>WRITER'S DIRECT DIAL NUMBER<br>+1-212-474-1260<br>WRITER'S EMAIL ADDRESS<br>jburetta@cravath.com | | |
|---|---|---|---|

JOHN W. WHITE, EVAN R. CHESLER, PHILIP A. GELSTON, RICHARD W. CLARY, JAMES D. COOPER, STEPHEN L. GORDON, DANIEL L. MOSLEY, ROBERT H. BARON, C. ALLEN PARKER, DAVID MERCADO, CHRISTINE A. VARNEY, PETER T. BARBUR, SANDRA C. GOLDSTEIN, THOMAS G. RAFFERTY, MICHAEL S. GOLDMAN, RICHARD HALL, JULIE A. NORTH, ANDREW W. NEEDHAM, STEPHEN L. BURNS, KEITH R. HUMMEL, DAVID J. KAPPOS, DANIEL SLIFKIN, ROBERT I. TOWNSEND, III, WILLIAM J. WHELAN, III, PHILIP J. BOECKMAN, WILLIAM V. FOGG, FAIZA J. SAEED, RICHARD J. STARK, THOMAS E. DUNN, MARK I. GREENE, DAVID R. MARRIOTT, MICHAEL A. PASKIN, ANDREW J. PITTS, MICHAEL T. REYNOLDS, ANTONY L. RYAN, GEORGE E. ZOBITZ, GEORGE A. STEPHANAKIS, DARIN P. MCATEE, GARY A. BORNSTEIN, TIMOTHY G. CAMERON, KARIN A. DEMASI, LIZABETHANN R. EISEN, DAVID S. FINKELSTEIN, DAVID GREENWALD, RACHEL G. SKAISTIS, PAUL H. ZUMBRO, JOEL F. HEROLD, ERIC W. HILFERS, GEORGE F. SCHOEN, ERIK R. TAVZEL, CRAIG F. ARCELLA, DAMIEN R. ZOUBEK, LAUREN ANGELILLI, TATIANA LAPUSHCHIK, ERIC L. SCHIELE, ALYSSA K. CAPLES, JENNIFER S. CONWAY, MINH VAN NGO, KEVIN J. ORSINI, MATTHEW MORREALE, JOHN D. BURETTA, J. WESLEY EARNHARDT, YONATAN EVEN, BENJAMIN GRUENSTEIN, JOSEPH D. ZAVAGLIA, STEPHEN M. KESSING, LAUREN A. MOSKOWITZ, DAVID J. PERKINS, JOHNNY G. SKUMPIJA, J. LEONARD TETI, II, D. SCOTT BENNETT, TING S. CHEN, CHRISTOPHER K. FARGO, KENNETH C. HALCOM, DAVID M. STUART, AARON M. GRUBER, O. KEITH HALLAM, III, OMID H. NASAB, DAMARIS HERNÁNDEZ, JONATHAN J. KATZ, MARGARET SEGALL D'AMICO, RORY A. LERARIS, KARA L. MUNGOVAN

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL
MICHAEL L. SCHLER

February 28, 2017

*Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601(DLI)(CLP)
Notice of New Authorities

Dear Chief Judge Irizarry:

The Moving Defendants[1] respectfully write in response to Plaintiffs' February 21, 2017 letter (ECF No. 134) claiming that two recent out-of-district opinions—*Hussein v. Dahabshiil Transfer Servs. Ltd.*, No. 15-CV-9623 (VEC), 2017 WL 395210 (S.D.N.Y. Jan. 27, 2017), and *Owens v. BNP Paribas S.A.*, No. 15-CV-1945 (JDB), 2017 WL 394483 (D.D.C. Jan. 27, 2017)—purportedly support one of Plaintiffs' arguments against dismissal. As discussed below, both opinions in fact support dismissal here.

I.   *Hussein* and *Owens* Support Dismissal for Lack of Proximate Cause.

*Owens* and *Hussein* confirm Plaintiffs cannot evade § 2333(a)'s proximate causation requirement simply by framing their claims as civil conspiracy claims. *See* Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss the Second Amended Complaint, ECF No. 117 at 41-42. In *Owens*, the plaintiffs alleged that banks processed transactions for institutions affiliated with a designated state sponsor of terrorism, which the court construed as purporting to allege secondary liability claims of the same type that Plaintiffs assert here. *See* 2017 WL 394483 at *1-2, 5 n.5. The court in *Owens* adopted and applied *Rothstein*'s holding that "§ 2333 requires a

---

[1] The "Moving Defendants" are HSBC Holdings PLC ("HSBC"), HSBC Bank PLC ("HSBC-Europe"), HSBC Bank Middle East Limited ("HSBC Middle East"), HSBC Bank USA, N.A. ("HSBC-US"), Barclays Bank PLC ("Barclays"), Standard Chartered Bank, The Royal Bank of Scotland N.V. ("RBS N.V."), Commerzbank AG and Credit Suisse AG.

showing of proximate cause" and dismissed the complaint because proximate cause was lacking. *Id.* at *9-10.

Similarly in *Hussein*, the plaintiffs brought civil conspiracy claims against financial institutions that allegedly provided material support to a foreign terrorist organization ("FTO"). *See* 2017 WL 395210 at *1. Once again, the court reiterated, relying on *Rothstein*, that "[a] Section 2333(a) plaintiff must also establish that the [defendant's alleged] unlawful act of international terror was a proximate cause of his injury." *Id*. *Owens* and *Hussein* thus both confirm that civil conspiracy and other secondary liability-type claims do not permit plaintiffs to bypass *Rothstein*'s proximate cause requirements.

Moreover, in *Owens*, the court reached the issue of proximate cause and dismissed for failure adequately to plead causation. The *Owens* plaintiffs—like Plaintiffs here—alleged that the defendants provided financial services in violation of U.S. sanctions to financial institutions affiliated with a designated state sponsor of terrorism (there, Sudan) and were therefore supposedly liable for injuries plaintiffs sustained in attacks committed by a terrorist organization (there, al Qaeda) purportedly supported by that state sponsor of terrorism. *See* 2017 WL 394483 at *2-3.

In analyzing whether the *Owens* plaintiffs satisfied the proximate cause requirement, the court observed that their claims echoed those in *Rothstein* because the defendants' alleged conduct was "one step further removed from the acts that caused the plaintiffs' injuries, separated by a sovereign state that was not simply a funnel to provide money to terrorists, but that may well have used the funds processed for any number of legitimate purposes." *Id.* at *8. Relying on *Rothstein*'s proximate cause holding, *Owens* dismissed the plaintiffs' claims because, among other reasons, they did not allege that (i) the defendant "provided money to a terrorist group", (ii) the money the defendant "processed for Sudan was transferred to al Qaeda", or (iii) "that Sudan would have been unable to assist al Qaeda without the funds that" the defendant processed. *Id.* at *10.

These are precisely the same deficiencies that the Moving Defendants have identified in the *Freeman* complaint. In fact, the plaintiffs' causal theory in *Owens* was less attenuated than the supposed theory of causation Plaintiffs advance here. In *Owens*, the plaintiffs alleged that the terrorist groups that caused their injuries received support directly from the state with which defendants allegedly did business. *See id.* at *1-2. Here, Plaintiffs allege that their injuries were caused by unnamed terrorist groups which may have received support—directly or indirectly, in one form or another—from Hezbollah, which in turn received some form of support from Iran, the country in which various companies and entities for which Defendants allegedly processed bank transactions were located. Thus, the *Owens* decision makes clear that dismissal for lack of proximate cause is required here. *See* Defendants' Joint Memorandum in Support of Motion to Dismiss, ECF No. 120 ("Jt. Mem.") at 12-24.

II.     *Rothstein* Still Precludes Non-JASTA Civil Conspiracy Liability under Section 2333(a).

In *Rothstein*, the Second Circuit held that § 2333(a)'s silence regarding aiding and abetting liability, juxtaposed with the explicit authorization of such liability in the ATA's criminal provisions at §§ 2339A-C, dictated that Congress did not intend § 2333(a) to authorize civil aiding and abetting liability. *Rothstein v. UBS AG*, 708 F.3d 82, 97-98 (2d Cir. 2013); *see* Jt. Mem. at 24-25; Defendants' Joint Reply Memorandum in Further Support of Motion to Dismiss, ECF No. 126 ("Jt. Reply") at 10. *Hussein*'s holding that such liability is permissible under a chain-of-incorporation from the ATA's criminal provisions does not acknowledge or distinguish *Rothstein*'s contrary holding, and is unpersuasive.

*Hussein* relies on a non-controlling Seventh Circuit case, *Boim v. Holy Land Found. for Relief and Dev.*, 549 F.3d 685, 689 (7th Cir. 2008) (en banc) ("*Boim III*"), to find that "the inclusion of conspiracy liability in [the ATA's criminal] provisions makes it practically irrelevant . . . whether secondary liability is authorized under Section 2333(a)", 2017 WL 395210 at *5, and that conspiracy may therefore "be alleged via the [ATA's] underlying [criminal] material support offenses", *id.* at *5 n. 7. *Hussein*'s reliance on *Boim III* contravenes the Second Circuit's holding in *Rothstein*. *Rothstein*, fully cognizant of *Boim III*, found that the inclusion of aiding and abetting liability in the ATA's criminal provisions "counsel[ed] against a judicial interpretation" that analogous liability exists in its civil provision. 708 F.3d at 97. *Rothstein* thus rejected civil aiding and abetting liability under the ATA even though aiding and abetting liability is available in the ATA's criminal provisions. *Id.* at 97-98.

*Hussein*'s reliance on *Gill v. Arab Bank, PLC*, 893 F. Supp. 2d 474, 502 (E.D.N.Y. 2012), is also misplaced. *See Hussein*, 2017 WL 395210 at *5. *Gill* was decided before *Rothstein* and thus could not have accounted for *Rothstein*'s rejection of the scope of civil liability adopted by the Seventh Circuit in *Boim III* and relied on in *Gill*. Notably, the one in-district opinion to address civil conspiracy liability after *Rothstein*—*Linde v. Arab Bank, PLC*, 944 F. Supp. 2d 215, 216-17 (E.D.N.Y. 2013)—rejected civil conspiracy liability in light of *Rothstein*'s clear holding. *See* Jt. Mem. at 25-27; Jt. Reply at 11. *Hussein* does not address *Linde*.

*Owens*, the other case Plaintiffs bring to the Court's attention, expressly holds—contrary to Plaintiffs' position—that the ATA "does not provide for civil aiding and abetting liability under § 2333". 2017 WL 394483 at *7. *Owens* cites the Supreme Court's decision in *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994)—the same case cited in *Rothstein* and *Linde*, and by the Moving Defendants—to conclude that because Congress did not specifically provide for aiding and abetting liability in the ATA, aiding and abetting liability is not available. *Id.* at *6-7; *see also* Jt. Mem. at 24-25. "As was the case in *Central Bank*", *Owens* held, "this selectiveness suggests that Congress deliberately chose when and to whom to

extend secondary liability, and that silence as to civil aiding and abetting liability under Section 2333 is therefore significant". 2017 WL 394483 at *7.[2]

In sum, neither *Hussein* nor *Owens* properly suggests that civil conspiracy liability exists under the ATA beyond the strict confines of the provision recently added in JASTA at § 2333(d), which, as noted in the Moving Defendants' moving papers, does not apply here. *See* Jt. Reply at 8-10. As the Moving Defendants have also noted, the fact that Congress created civil conspiracy liability in JASTA only confirms that such liability did not previously exist under § 2333(a). *See* Jt. Reply at 12.

III.     *Hussein* and *Owens* Show That Plaintiffs' Claims Must Also Be Dismissed for Failure to Allege the Mental State Required to Violate the ATA.

Lastly, *Hussein* and *Owens* demonstrate that Plaintiffs' allegations should be dismissed for the independent reason that they do not adequately allege that the Moving Defendants acted with the mental state required to violate the ATA. *See* Jt. Mem. at 27 n.11; Jt. Reply at 12-13. *Hussein* concluded that the plaintiffs there failed to "plausibly allege any facts from which the Court could infer that the Defendants were aware of, or deliberately indifferent to, transfers of money to [foreign terrorist organization]—a necessary element of a claim under the ATA". 2017 WL 395210 at *5. Similarly, *Owens* concluded that the plaintiffs failed to plausibly allege facts showing: (i) "that Sudan and defendants ever agreed to provide funds to al Qaeda"; (ii) "that defendants knew what Sudan was doing with the funds" defendants processed; (iii) "that Sudan was acting on al Qaeda's behalf in conducting financial transactions" with defendants; or (iv) "that Sudan was using the funds processed by [defendants]—or was

---

[2] Plaintiffs cite dicta in *Owens* that "aiding and abetting under the ATA is distinct from any secondary liability that may be incorporated into § 2333 by virtue of a predicate criminal violation", and that "[t]he material support statutes, §§ 2339A–C . . . already criminalize the provision of aid to terrorists, and provide for both attempt and conspiracy liability". *Id*. at *5 (citing *Boim III*, 549 F.3d at 691-92). Based on these two sentences, Plaintiffs incorrectly portray *Owens* as "holding[]" that conspiracy is a "'predicate criminal violation'. . . for the purpose of *civil* liability under the ATA". (ECF. No. 134) (emphasis added).

But *Owens* does not state, let alone hold, that § 2333 authorizes civil conspiracy liability against defendants that—like the Moving Defendants—are not alleged to have directly conspired with, or provided material support to, a terrorist organization. Indeed, the very question at issue in the *Owens* case is "whether defendants, who allegedly processed financial transactions for Sudan, can be held liable [pursuant to a secondary liability claim] because Sudan provided material support to al Qaeda, the ultimate perpetrator of the . . . attacks". 2017 WL 394483 at *5. *Owens* determined that the ATA authorizes no such recovery, and specifically found that the arguments in favor of reading civil conspiracy liability into § 2333 "are ultimately unpersuasive". *Id*. at *6. The *Owens* court thus dismissed the plaintiffs' ATA claims to the extent they are "based on such a theory". *Id*. at *7.

likely to use any funds provided by [defendants]—to support al Qaeda". 2017 WL 394483 at *10.  These very same pleading defects compel dismissal of this case. *See* Jt. Mem. at 27 n.11; Jt. Reply at 12-13.

                Respectfully submitted,

                John D. Buretta

Honorable Dora L. Irizarry
   Chief United States District Judge
      United States District Court, Eastern District of New York
         225 Cadman Plaza East
           Brooklyn, New York 11201

Copies to:  All counsel