**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601
T. 201.265.6400   F. 201.265.0303

120 W. 45TH STREET, SUITE 405, NEW YORK, NY 10036
T. 212.354.0111

March 3, 2017

**VIA ECF**

Honorable Dora L. Irizarry
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601 (DLI)(CLP)
     **Notice of New Authorities**

Dear Chief Judge Irizarry:

  Defendants' February 28, 2017 letter asserts that "*Hussein*'s holding that [civil conspiracy liability] is permissible under a chain-of-incorporation from the ATA's criminal provisions does not acknowledge or distinguish *Rothstein*'s contrary holding, and is unpersuasive." Letter at 3.

  But not only did *Rothstein* adopt *Boim III*'s chain-of-incorporation analysis, the Second Circuit *again* ratified *Boim III*'s analysis in *Weiss v. Nat'l Westminster Bank PLC*, holding that a "complex series of statutory incorporation" established "civil remedies under § 2333(a) for providing material support to an organization that solicits funds for an FTO." 768 F.3d 202, 209 (2d Cir. 2014). *Hussein* is therefore *both* persuasive and consistent with Second Circuit precedent. Both *Hussein* and *Owens* merely confirm that *statutory* secondary liability (*i.e.* "primary liability" with "the character of secondary liability," *Boim v. Holy Land Found. for Relief & Dev.*, 549 F.3d 685, 691 (7th Cir. 2008)) for conspiring to provide material support to terrorists and foreign terrorist organizations under §§ 2339A and 2339B is available under the ATA.

  Defendants attempt to distinguish *Owens* by rewriting it, claiming that it "specifically found that the arguments in favor of reading *civil conspiracy liability* into § 2333 'are ultimately unpersuasive.'" Letter at 4 n.2 (quoting *Owens v. BNP Paribas S.A.*, 2017 WL 394483, at *6) (emphasis added). Defendants have substituted "civil conspiracy liability" for what *Owens actually* said, which was that "[t]hese arguments in favor of *civil aiding and abetting liability* are ultimately unpersuasive." *Owens*, 2017 WL 394483, at *6 (emphasis added). *Owens* then expressly contrasted statutory conspiracy liability, observing that "Sections 2339A, B, and C . . . all impose liability for attempt and conspiracy," but not liability for aiding and abetting. *Id.* at *7. Defendants' rewriting of *Owens* is indefensible.

  Thus, the *sole* question before this Court with respect to Plaintiffs' First and Second Claims for Relief is whether the allegations set forth in the Second Amended Complaint adequately plead the elements of *conspiracy* consistent with *United States v. Lanza*, 790 F.2d 1015 (2d Cir. 1986)

and this Circuit's other relevant precedents. Neither *Hussein* nor *Owens* addressed substantive conspiracy law because both courts found the respective plaintiffs' conspiracy allegations wholly conclusory and inadequate. *Rothstein* does not even mention the word "conspiracy," let alone analyze conspiracy liability under the ATA.

Respectfully submitted,

Gary M. Osen

cc: All counsel via e-mail