## CRAVATH, SWAINE & MOORE LLP

JOHN W. WHITE
EVAN R. CHESLER
PHILIP A. GELSTON
RICHARD W. CLARY
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
ROBERT H. BARON
DAVID MERCADO
CHRISTINE A. VARNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III

PHILIP J. BOECKMAN
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: +1-212-474-1000
FACSIMILE: +1-212-474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: +44-20-7453-1000
FACSIMILE: +44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER
+1 (212) 474-1260

WRITER'S EMAIL ADDRESS
jburetta@cravath.com

ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
JOHN D. BURETTA
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II

D. SCOTT BENNETT
TING S. CHEN
CHRISTOPHER K. FARGO
KENNETH C. HALCOM
DAVID M. STUART
AARON M. GRUBER
O. KEITH HALLAM, III
OMID H. NASAB
DAMARIS HERNÁNDEZ
JONATHAN J. KATZ
MARGARET SEGALL D'AMICO
RORY A. LERARIS
KARA L. MUNGOVAN

———

SPECIAL COUNSEL
SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

———

OF COUNSEL
MICHAEL L. SCHLER

August 14, 2017

*Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601(DLI)(CLP)
Re: Notice of New Authorities

Dear Judge Pollak:

    The Moving Defendants[1] respectfully write in response to Plaintiffs' August 7, 2017 letter (ECF No. 139) (the "Letter") claiming that the Countering America's Adversaries Through Sanctions Act ("CAATSA"), enacted on August 2, 2017, purportedly supports one of Plaintiffs' arguments against dismissal with respect to certain of their claims against Defendants Standard Chartered Bank, RBS N.V. and HSBC. In particular, Plaintiffs contend that this law retroactively cures their failure to plead a proximate causal relationship between the alleged conduct of those Defendants and the attacks that injured Plaintiffs. This argument has no merit.

    CAATSA makes factual findings that the Iranian Revolutionary Guard Corps ("IRGC") "is the primary arm of the Government of Iran for executing its policy of supporting terrorist and insurgent groups", and directs the President to impose on the IRGC the sanctions set forth in Executive Order No. 13224, including designation as a Specially Designated Global Terrorist ("SDGT"). CAATSA, Public Law No. 115-44, § 105(a)(3), (b)-(c). CAATSA requires the President to impose such sanctions 90 days after the date of its enactment. *Id.* § 105(c).

    Plaintiffs assert that CAATSA "extends the reach of the [SDGT] designation . . . to the IRGC". Letter at 1. On the basis of that purported designation,

---

[1] The "Moving Defendants" are HSBC Holdings PLC ("HSBC"), HSBC Bank PLC ("HSBC-Europe"), HSBC Bank Middle East Limited ("HSBC Middle East"), HSBC Bank USA, N.A. ("HSBC-US"), Barclays Bank PLC ("Barclays"), Standard Chartered Bank, The Royal Bank of Scotland N.V. ("RBS N.V."), Commerzbank AG and Credit Suisse AG.

Plaintiffs argue that the Corrected Second Amended Complaint (the "Complaint") now alleges that Defendants Standard Chartered Bank, RBS N.V. and HSBC provided U.S. dollar-clearing services "directly" to a "terrorist group", namely, the IRGC. *Id.* This argument is both incorrect and insufficient to meet the pleading burden set forth in *Rothstein* and its progeny with respect to proximate cause. *See Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013).

*First*, to the extent that CAATSA requires the IRGC to be designated as an SDGT, that designation has not yet occurred. If or when the IRGC is designated as an SDGT, it will be more than five years after the attacks that injured Plaintiffs and more than ten years after the relevant alleged U.S. dollar-clearing transactions at issue in this case were completed. Nothing in CAATSA suggests that it purports to be retroactive in its application.

*Second*, the Complaint does not allege that Defendants Standard Chartered Bank, RBS N.V. or HSBC ever provided financial services directly to the IRGC. As Plaintiffs' Letter states, the Complaint alleges only that those Defendants transacted with the Central Bank of Iran ("CBI"), supposedly "on behalf" of the National Iranian Oil Company ("NIOC"), which allegedly was "an agent" of the IRGC. Letter at 2. The assertion that such transactions were allegedly "on behalf of" a purported agent of the IRGC does not amount to an allegation that financial services were directly provided to the IRGC. *See* Defs.' Joint Mem. in Supp. of Mot. to Dismiss ("Joint Mem.") at 19 n.8, ECF No. 119. Like the Government of Iran itself in *Rothstein*, the CBI provides a wide array of legitimate services, such as holding the state's reserves and supporting its currency, *see, e.g., NML Capital, Ltd. v. Banco Cent. de la Republica Argentina*, 652 F.3d 172, 192-93 (2d Cir. 2011), and transacting with or providing services to the CBI is thus not equivalent to transacting with or providing services to the IRGC or any terrorist group. *See Rothstein*, 708 F.3d at 97 ("[T]he fact remains that Iran is a government, and as such it has many legitimate agencies, operations, and programs to fund."); *see also* Joint Mem. at 15-18. The same is true for NIOC, which is a source of funding for Iran's legitimate needs.

*Third*, even if Plaintiffs had alleged that the Moving Defendants had provided financial services directly to the IRGC, they would still fail to allege a plausible proximate causal connection under the *Rothstein* line of cases because they do not allege that the IRGC itself perpetrated a single attack or used funds made available by the Moving Defendants to aid the specific attacks that injured the Plaintiffs. *See, e.g., Rothstein*, 708 F.3d at 96-97. Indeed, the Second Circuit has squarely held that a bank's provision of funds to an entity that is alleged to have directly supported the terrorist group responsible for the attack on the plaintiff is insufficient to establish the requisite proximate causation as a matter of law absent evidence that the funds were used to commit the attack. *See O'Neill v. Al Rajhi Bank (In re Terrorist Attacks on Sept. 11, 2001)*, 714 F.3d 118, 123-24 (2d Cir. 2013) (citing *Rothstein*, 708 F.3d at 94-97); *see also* Joint Mem. at 17.

As the Moving Defendants show in their motion to dismiss, Plaintiffs' attenuated causal theory fails to state an Anti-Terrorism Act claim as a matter of law

under *Rothstein* and its progeny. *See* Joint Mem. at 12-24; Defs.' Joint Reply in Further Supp. of Mot. to Dismiss at 3-7, ECF No. 129. CAATSA, which has yet to even be fully implemented, does not undo Plaintiffs' failure to meet their pleading burden with respect to Defendants Standard Chartered Bank, RBS N.V. or HSBC, or any other Moving Defendant.

Respectfully submitted,

*/s/ John D. Buretta*

John D. Buretta

The Honorable Cheryl L. Pollak
   United States Magistrate Judge
      United States District Court, Eastern District of New York
         225 Cadman Plaza East
            Brooklyn, New York 11201

BY ECF

Copies to:

The Honorable Dora L. Irizarry
   Chief United States District Judge
      United States District Court, Eastern District of New York
         225 Cadman Plaza East
            Brooklyn, New York 11201

BY ECF

All counsel

BY ECF