OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601    420 LEXINGTON AVENUE, SUITE 1648, NEW YORK, NY 10170
T. 201.265.6400   F. 201.265.0303    T.212.354.0111

October 25, 2017

**VIA ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Freeman, et al. v. HSBC Holdings plc, et al.*, **14-cv-6601 (DLI)(CLP)**

Dear Judge Pollak:

    Plaintiffs write in response to Defendants' October 16, 2017 letter attaching the recent decision in *Ofisi v. BNP Paribas, S.A.*, No. CV 15-2010 (JDB), 2017 WL 4355922 (D.D.C. Sept. 29, 2017) in support of dismissing Plaintiffs' claims premised on 18 U.S.C. § 2332d against Defendants Standard Chartered Bank Plc, RBS N.V., and Commerzbank AG. The letter notably omits mention of Plaintiffs' § 2332d claims against HSBC Bank USA, N.A. *See* Second Amended Complaint, ¶¶ 2218-40 (Third Claim for Relief).

    As Plaintiffs demonstrated in their opposition to Defendants' motion to dismiss, 18 U.S.C. § 2332d is intended to prohibit certain transactions made by U.S. citizens, permanent residents, and corporations anywhere in the world (§ 2332d(b)(2)(A)-(C)), and by any person—including U.S. branches of foreign banks—in the United States (§ 2332d(b)(2)(D)).

    The *Ofisi* court rejected a § 2332d claim relating to illegal transactions performed by a foreign bank's U.S. branch because subparagraph (C) refers to a "juridical person organized under the laws of the United States," whereas subparagraph (D) refers to "any person in the United States." *Id.* at *6. Despite Congress's use of the unqualified term "person," the *Ofisi* court concluded that Congress must have meant in the catchall subparagraph (D) to write "*natural* person," because the subparagraph lacks the word "juridical" and because the court believed reading "person" just as it was written could conceivably render subparagraph (C) superfluous, as U.S. corporations are "by definition located in the U.S." *Id.*

    The *Ofisi* court is simply wrong about this issue.

    First, Congress has defined "person" *for the entire chapter* constituting the Anti-Terrorism Act ("ATA") – and thus § 2332d – as "mean[ing] any individual *or entity capable of holding a legal or beneficial interest in property . . . .*"). 18 U.S.C. § 2331 (emphasis added). Second, reading subparagraph D as it is thus defined does not render subparagraph C "superfluous." Subparagraphs 2332d(b)(2)(A)-(C) forbid domestic entities from engaging in prohibited financial transactions anywhere in the world, while § 2332d(b)(2)(D) forbids *all* persons and entities from engaging in

prohibited transactions in the United States, *including any that do not fall within (A)-(C)*. As a whole, § 2332d(b)(2) simply limits the extraterritorial reach of the violation so that it is limited to *either* U.S. nationals, residents or corporations *or* conduct within the United States and avoids the gap that the *Ofisi* court's reading would leave by exempting persons like the Defendants from liability for violating sanctions by *their conduct in the United States*.

"Statutory definitions control," including definitions of "unadorned terms" included in definitions of "compound expressions": "Congress has often used that drafting technique— *i.e.,* repeating a discretely defined word—when it intends to incorporate the definition of a particular word into the definition of a compound expression." *Burgess v. United States*, 553 U.S. 124, 129, 130-31 (2008). In *Burgess*, the Supreme Court explained that "if Congress wanted [the compound expression] 'felony drug offense' to incorporate the definition of 'felony' in § 802(13), it easily could have written § 802(44) to state: 'The term "felony drug offense" means a *felony* that is punishable by imprisonment for more than one year . . . .'"" *Id.* (citation omitted). This is precisely the case here—Congress has included the unadorned, defined term "person" in the definition of the compound expression "United States person." Thus, the explicit definition of "person" in § 2331 overrides any concern that the word "juridical" is absent in the broader subparagraph (D) or that subparagraph (C) could be read as surplusage. *See, e.g.*, *Lamie v. U.S. Trustee*, 540 U.S. 526, 536 (2004) ("Surplusage does not always produce ambiguity. . . . We should prefer the plain meaning since that approach respects the words of Congress."). Oddly, the *Ofisi* court never addressed the definition of "person" in § 2331 at all.

The *Ofisi* court erred by instead resorting to these "interpretive canons," 2017 WL 4355922, at *6: "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 462 (2002) (quoting *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253-54 (1992)). The *Ofisi* court never stated that the ATA is ambiguous, but even if it had, reading the word "natural" into § 2332d(b)(2)(D) does not cure the ambiguity—rather, it creates a conflict between § 2332d(b)(2)(D) and § 2331. A court cannot employ these canons where they *create* ambiguities. *See, e.g.*, *Lamie*, 540 U.S. at 536 ("Where there are two ways to read the text—either [the language at issue] is surplusage, in which case the text is plain; or [the language] is nonsurplusage . . . , in which case the text is ambiguous—applying the rule against surplusage is, absent other indications, inappropriate."); *United States v. Hill*, 79 F.3d 1477, 1483 (6th Cir. 1996) (holding that even in a list of "terms joined by the disjunctive 'or,'" there may be "considerable overlap between . . . two terms").

Such a reading also conflicts with congressional intent, as made clear in the implementing regulations. *See* Pls.' Opp., ECF No. 125, at 62-63. *See, e.g.*, *Chickasaw Nation v. United States*, 534 U.S. 84, 94 (2001) (holding that interpretive canons "are guides that 'need not be conclusive,'" and "other circumstances evidencing congressional intent can overcome their force.") (quoting *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 115 (2001)). Under the *Ofisi* court's construction of § 2332d, urged here by Defendants, engaging in financial transactions with state sponsors of terrorism is illegal for U.S. citizens anywhere and natural persons located in the United States, but U.S. branches and depository institutions associated with foreign banks enjoy a safe harbor, allowing them to transact with Iran, *from the United States*, with impunity. The *Ofisi* construction

**Hon. Cheryl L. Pollak, U.S.M.J.**
**October 25, 2017**
**Page 3 of 3**

would permit precisely the conduct that Congress would most want to prohibit: state sponsors of terrorism exploiting the U.S. financial system to facilitate terrorism financing in the United States. That result is not just nonsensical; it is at odds with § 2332d's plain words as defined by §2331.

Finally, even where a statute *is* ambiguous, these interpretative canons do not override the explicit, statutory definition or the purpose, context, and scheme of the statute. For instance, the Supreme Court has explained that its "preference for avoiding surplusage constructions is not absolute." *King v. Burwell*, 135 S. Ct. 2480, 2483 (2015) (quoting *Lamie,* 540 U.S. at 536). Interpretive canons do not supplant the "the 'fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.'" *Id.* at 2492 (quoting *Util. Air Regulatory Grp. v. E.P.A.*, 134 S. Ct. 2427, 2441 (2014)). As explained above and in Plaintiffs' opposition, the context and statutory scheme of the ATA, including its implementing regulations, make clear that § 2332d penalizes any person – whether an individual or a juridical entity like U.S. branches of foreign banks – who engages in certain transactions "in the United States" on behalf of designated state sponsors of terrorism like Iran.

Respectfully submitted,

/s/ Gary M. Osen

cc: Chief Judge Irizarry
All Counsel