## CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| WASHINGTON, D.C. | One Liberty Plaza | ROME |
| PARIS | New York, NY 10006-1470 | MILAN |
| BRUSSELS | T: +1 212 225 2000 | HONG KONG |
| LONDON | F: +1 212 225 3999 | BEIJING |
| FRANKFURT | clearygottlieb.com | BUENOS AIRES |
| COLOGNE | | SÃO PAULO |
| MOSCOW | D: +1 212 225 2840 | ABU DHABI |
| | lfriedman@cgsh.com | SEOUL |

October 30, 2017

BY ECF

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601(DLI)(CLP)

Dear Magistrate Judge Pollak:

The Moving Defendants[1] respectfully submit this brief reply to plaintiffs' October 25 letter, *see* ECF No. 147 ("Pls.' Ltr."), which responds to the Moving Defendants' October 16 letter regarding the recent decision in *Ofisi v. BNP Paribas, SA.*, Civil Action No. 15-2010 (JDB) (D.D.C. Sept. 29, 2017). *See* ECF No. 146.

Plaintiffs concede that *Ofisi* "rejected a § 2332d claim relating to illegal transactions performed by a foreign bank's U.S. branch," and they do not attempt to distinguish that claim from the Fourth Claim for Relief asserted here against defendants Standard Chartered Bank, RBS N.V. and Commerzbank. *See* Pls.' Ltr. at 1. Instead, plaintiffs declare that "[t]he *Ofisi* court is simply wrong about this issue." *Id.* However, plaintiffs once again fail to cite a single court that has accepted their interpretation of Section 2332d, *see id.* at 1-3, and we are aware of none.

Plaintiffs' arguments in favor of expanding the scope of Section 2332d are also contradicted by the statute's text. This section applies only to "United States person[s]," 18 U.S.C. § 2332d(a), which is given a specific definition in Section 2332d(b)(2), and refers exclusively to any:

---

[1] The "Moving Defendants" are HSBC Holdings PLC ("HSBC"), HSBC Bank PLC ("HSBC-Europe"), HSBC Bank Middle East Limited ("HSBC Middle East"), HSBC Bank USA, N.A. ("HSBC-US"), Barclays Bank PLC ("Barclays"), Standard Chartered Bank, The Royal Bank of Scotland N.V. ("RBS N.V."), Commerzbank AG ("Commerzbank") and Credit Suisse AG.

The Honorable Cheryl L. Pollak, p. 2

        (A) United States citizen or national;

        (B) permanent resident alien;

        (C) juridical person organized under the laws of the United States; or

        (D) any person in the United States.

None of Standard Chartered Bank, RBS N.V. or Commerzbank fits within this definition, and thus plaintiffs' Fourth Claim for Relief fails to state a claim. *See* Pls.' Ltr. at 2. Plaintiffs' contention that the Court should apply to Section 2332d(b)(2)(D) the general definition of "person" in 18 U.S.C. § 2331 ("the term 'person' means any individual or entity capable of holding a legal or beneficial interest in property") is unpersuasive.

First, as *Ofisi* holds, plaintiffs' theory that Section 2332d(b)(2)(D) applies to both natural and juridical persons in the United States, Pls.' Ltr. at 1-2, would render Section 2332d(b)(2)(C) superfluous. *See Ofisi*, slip op. at 13. Moreover, if Congress intended to incorporate Section 2331's general definition of "person" into Section 2332d, Section 2332d(b)(2)(C) would serve no purpose as it would be unnecessary to address "juridical persons" separately. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 385-86 (1992) (rejecting a proposed statutory interpretation that would give a subsection "no purpose").

Second, plaintiffs' argument that Section 2332d must cover foreign banks to prevent them from using the U.S. financial system to facilitate transactions that violate U.S. sanctions is unavailing. Plaintiffs allege that each of Standard Chartered Bank, RBS N.V., and Commerzbank entered into deferred prosecution agreements as a result of such conduct, *see, e.g.*, Second Am. Compl. ¶¶ 841, 920, 992, ECF No. 115, but none was charged with violating Section 2332d.

Finally, plaintiffs attempt to distract from their inability to distinguish *Ofisi* by stating that defendants' letter "notably omits mention of HSBC Bank USA, N.A." That is hardly a "notable" omission because, as a U.S. bank, HSBC Bank USA, N.A. does not argue that it is not a "United States person" under Section 2332d. Rather, it argues that plaintiffs' Section 2332d claims fail because they do not plead a "transaction with the government" of Iran under the plain text of the statute. This argument applies with special force to HSBC Bank USA, N.A. precisely *because* it is a U.S. bank alleged only to have cleared transactions from the United States—not to have dealt directly with Iranian government or even any supposed instrumentality of Iran.

The Court should grant the Moving Defendants' motions to dismiss.

        Respectfully submitted,

        Lawrence B. Friedman

cc:    Chief Judge Dora L. Irizarry (via ECF)
       All counsel of record (via ECF)