**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601
T. 201.265.6400   F. 201.265.0303

420 LEXINGTON AVENUE, SUITE 1648, NEW YORK, NY 10170
T. 212.354.0111

December 18, 2017

**VIA ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        **Re:** *Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601 (DLI)(CLP)

Dear Judge Pollak:

        Plaintiffs write to alert the Court to *Shaffer v. Deutsche Bank AG*, No. 16-cv-497-MJR-SCW (S.D. Ill. Dec. 7, 2017), attached as Exhibit 1. While Plaintiffs disagree with *Shaffer*'s abbreviated analysis of the factual allegations and case law in that case, we forward it to this Court insofar as it bears some similarity to the motions to dismiss in the above-captioned action.

        The *Shaffer* court held that statutory conspiracy claims for violations of 18 U.S.C. § 2339A could be brought under 18 U.S.C. § 2333(a), as the Plaintiffs have argued in this case. However, the *Shaffer* court deemed the complaint's allegations insufficient, relying chiefly on *Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013).

        As set forth extensively in Plaintiffs' opposition to Defendants' motions to dismiss (ECF No. 125), however, *Rothstein* is not dispositive here. The *Rothstein* plaintiffs unsuccessfully argued, based on their expansive reading of *Liriano v. Hobart Corp.*, 170 F.3d 264 (2d Cir. 1999), that they were not obligated to allege facts showing that UBS proximately caused their injuries. In contrast to the *Rothstein* plaintiffs' strict liability-aiding and abetting theory, Plaintiffs here have plausibly alleged facts that satisfy the Anti-Terrorism Act's proximate cause requirements, as well as the elements of statutory conspiracy under 18 U.S.C. §§ 2339A and 2339B.

        Respectfully submitted,

        /s/ Gary M. Osen

cc:    Chief Judge Dora L. Irizarry
        All Counsel