OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601       420 LEXINGTON AVENUE, SUITE 1648, NEW YORK, NY 10170
T. 201.265.6400   F. 201.265.0303                          T.212.354.0111

December 26, 2017

**VIA ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601 (DLI)(CLP)

Dear Judge Pollak:

    Plaintiffs write in reply to Defendants' joint letter dated December 19, 2017, responding to Plaintiffs' December 18, 2017 letter bringing the recent *Shaffer* decision ("*Shaffer* Op.") to the Court's attention.

    First, Defendants' flat assertion that "*Shaffer* further demonstrates that civil conspiracy is not available under Section 2333(a) of the ATA" is false. *Shaffer* held point-blank that "[w]hile the ATA does not provide for secondary aiding and abetting liability, *conspiracy principles can inform the determination of whether a defendant is liable under a theory of primary liability.*" *Shaffer* Op. at 8 (emphasis added). This is hardly surprising, since the Seventh Circuit in *Boim v. Holy Land Found. for Relief & Dev.* ("*Boim III*"), 549 F.3d 685, 691 (7th Cir. 2008) (*en banc*) (which *Shaffer* cites for this holding) drew no distinction between statutory aiding-and-abetting claims and conspiracy claims (holding that under the ATA, statutory "'conspiracy' and 'aiding and abetting'" claims represent primary liability that "has the character of secondary liability"). *Shaffer* thus joins its sister courts in D.C. (*Owens v. BNP Paribas S.A.*, 235 F. Supp. 3d 85, 91 (D.D.C. 2017)) and New York (*Hussein v. Dahabshiil Transfer Servs. Ltd.*, 230 F. Supp. 3d 167, 175 (S.D.N.Y. 2017), *aff'd* No. 17-432-CV, 2017 WL 5952724 (2d Cir. Dec. 1, 2017)) in recognizing the general availability of statutory (as opposed to pure common law) conspiracy claims under the ATA. *See* Plaintiffs' Feb. 21, 2017 Letter to Chief Judge Irizarry, ECF No. 135.

    Second, Defendants' citation to the *Shaffer* court's analysis of *Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013), strips *Rothstein*'s analysis of its proper context. The language that Defendants' letter omits is highlighted below in bold in the full quotation:

> **Plaintiffs argue, citing *Liriano v. Hobart Corp.*, 170 F.3d 264, 271 (2d Cir.1999) ("*Liriano*"), that "[a] basic principle of traditional tort law is that when a defendant commits a per se violation of a statute or regulation meant to protect a certain class of persons from harm, and a person in this class is thereafter harmed, the burden shifts to the defendant to prove that its wrongful conduct was not the cause of plaintiffs' harm." (Plaintiffs' brief on appeal at 33; *see id.*

> n. 9 (advocating "per se liability").) First, plaintiffs' reliance on *Liriano* is misplaced because, as is revealed by their quotation from that case, *Liriano* was discussing not proximate cause but "'cause-in-fact'" and "'but-for cause'" (Plaintiffs' brief on appeal at 33 n. 9 (quoting *Liriano*, 170 F.3d at 271)). **Second,** plaintiffs' contention that proximate cause is established because they were injured after UBS violated federal law is a *post hoc, ergo propter hoc* proposition that would mean that any provider of U.S. currency to a state sponsor of terrorism would be strictly liable for injuries subsequently caused by a terrorist organization associated with that state. **If Congress had intended to impose strict liability, we have no doubt that it would have found words more susceptible to that interpretation, rather than repeating the language it had used in other statutes to require a showing of proximate cause.**

*Rothstein*, 708 F.3d at 96.

Plaintiffs here have never argued for, nor relied upon, a *Liriano*-like presumption of proximate cause or any form of "strict liability." Rather, Plaintiffs have plausibly alleged that Defendants all entered into a conspiracy with Iran, the actual and foreseeable results of which were the terrorist attacks Iran committed through its Islamic Revolutionary Guard Corps and its terror proxies Hezbollah and various local terrorist cells in Iraq that Iran established, armed, trained, and financed.[1]

Finally, we agree with the *Shaffer* court that plaintiffs there never alleged that Deutsche Bank shared its Iranian co-conspirators' goals "to provide material support to terrorism." However, ATA and conspiracy case law in the Second Circuit do not require that all of the conspirators share *all* the aims of the conspiracy alleged. *See United States v. Garcia*, 509 F. App'x 40, 42 (2d Cir. 2013) (requiring showing that defendant was "aware of a high probability of *some* of the conspiracy's unlawful aims"); *United States v. Gurary*, 860 F.2d 521 (2d Cir. 1988) (holding that defendant is liable for foreseeable crimes of co-conspirators which "may be incidental to another primary motivation or purpose"); *United States v. Maldonado-Rivera*, 922 F.2d 934, 963 (2d Cir. 1990) ("The goals of all the participants need not be congruent for a single conspiracy to exist, so long as their goals are not at cross-purposes.").

Furthermore, *Shaffer* misstates the relevant ATA law. It is not correct that "[f]or a claim to be viable under the ATA, the object of the participants' conspiracy *must* be to provide material support for terrorism . . . ." *Shaffer* Op. at 10 (emphasis added). While that is one sufficient object stated in 18 U.S.C. § 2339A, the express alternative stated in the statute is to "conceal[] or disguise[] the . . . source or ownership of material support . . ." 18 U.S.C. § 2339A ("[w]hoever . . . conspires to do such an act," where the act is "provid[ing] material support or resources *or* conceal[ing] or disguis[ing] the . . . source or ownership of material support . . .) (emphasis added)). The court overlooked that alternative in finding as a matter of law that "the object of the pleaded conspiracy is not an ATA violation." All that matters is that Plaintiffs have adequately pled that

---

[1] Claims for Relief Five, Six, and Seven are not predicated on conspiracy and have been separately addressed in the parties' briefs and notices of supplemental authority.

Defendants entered into a conspiracy and that *a* foreseeable goal of the conspiracy – not the *sole* goal of the conspiracy – not the subjective goal of the *Defendants* – was to provide material support to terrorism *or* to conceal or disguise its source or ownership.

      For all the foregoing reasons and many others amply set forth in the voluminous briefing on the docket, Defendants' motions to dismiss should be denied in their entirety.

                                Respectfully submitted,

                                /s/ Gary M. Osen

cc:      Chief Judge Irizarry
           All Counsel