# CLEARY GOTTLIEB STEEN & HAMILTON LLP

| | | |
|---|---|---|
| WASHINGTON, D.C. | One Liberty Plaza | ROME |
| PARIS | New York, NY 10006-1470 | MILAN |
| BRUSSELS | T: +1 212 225 2000 | HONG KONG |
| LONDON | F: +1 212 225 3999 | BEIJING |
| FRANKFURT | clearygottlieb.com | BUENOS AIRES |
| COLOGNE | | SÃO PAULO |
| MOSCOW | D: +1 212 225 2490 | ABU DHABI |
| | jblackman@cgsh.com | SEOUL |

January 30, 2018

BY ECF

The Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Freeman, et al. v. HSBC Holdings plc*, et al., 14-cv-6601(DLI)(CLP)

Dear Magistrate Judge Pollak:

The Moving Defendants[1] respectfully submit this brief reply to plaintiffs' January 25 letter, ECF No. 153 ("Pls.' Ltr."), which responds to the Moving Defendants' January 16 letter, ECF No. 152 ("Defs' Ltr."), regarding the recent decision in *Ofisi v. BNP Paribas, SA.,* Civil Action No. 15-2010 (JDB) (D.D.C. Jan. 11, 2018) ("*Ofisi II*").

As shown in the Moving Defendants' January 16 letter, *Ofisi II* straightforwardly applied *Rothstein v. UBS AG*, 708 F.3d 82 (2d. Cir. 2013), to dismiss the complaint in that case for failure to plead the requisite proximate causation. Nowhere in the laundry list of irrelevant allegations plaintiffs include in their letter, *see* Pls.' Ltr. at 2-4, are any well-pled allegations that distinguish this case from *Ofisi II* or *Rothstein*. The Complaint should be dismissed for this reason alone. *See* Defendants' Joint Memorandum in Support of Motion to Dismiss, ECF No. 120 ("Jt. Mem.") at 12-24; Defendants' Joint Reply Memorandum in Further Support of Motion to Dismiss, ECF No. 126 ("Jt. Reply") at 3-7.

The Moving Defendants' January 16 letter also noted that *Ofisi II* straightforwardly applied *Rothstein*—and "a tide" of other recent decisions, *see Ofisi II*, slip op. at 4—to reject

---

[1] The "Moving Defendants" are HSBC Holdings PLC ("HSBC"), HSBC Bank PLC ("HSBC-Europe"), HSBC Bank Middle East Limited ("HSBC Middle East"), HSBC Bank USA, N.A. ("HSBC-US"), Barclays Bank PLC ("Barclays"), Standard Chartered Bank, The Royal Bank of Scotland N.V. ("RBS N.V."), Commerzbank AG ("Commerzbank") and Credit Suisse AG.

The Honorable Cheryl L. Pollak, p. 2

plaintiffs' theory of secondary liability for claims under the Anti-Terrorism Act ("ATA") to which the Justice Against Sponsors of Terrorism Act ("JASTA") does not apply, as is the case here, *see* Defs' Ltr. at 2. Plaintiffs' letter does not dispute this point. Again, the Complaint should be dismissed for this independent reason. *See* Jt. Mem. at 24-27; Jt. Reply at 10-12.

Finally, the Moving Defendants' January 16 letter explained that *Ofisi II*'s dismissal of common law conspiracy claims governed by *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983), demonstrates that the allegations here do not state a claim for civil conspiracy, even if *Halberstam* governed here (and it does not). *See* Defs' Ltr. at 2 & n.3.[2] Plaintiffs' letter is silent on this point, which provides yet another ground to dismiss the Complaint.

The Court should grant the Moving Defendants' motions to dismiss.

Respectfully submitted,

/s/ Jonathan I. Blackman

cc: Chief Judge Dora L. Irizarry (via ECF)
All counsel of record (via ECF)

---

[2] As plaintiffs also ignore, *Ofisi II* held that *Halberstam* does not govern non-JASTA claims under the ATA. *See Ofisi II*, slip op. at 3 ("Plaintiffs first contend that the Court erred when it failed to apply the conspiracy liability standard from *Halberstam* to their ATA claim . . . [b]ut plaintiffs already raised this argument . . . and the Court considered and rejected it . . . .").