**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601
T. 201.265.6400   F. 201.265.0303

1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 212.354.0111

August 7, 2018

**VIA ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Freeman, et al. v. HSBC Holdings plc, et al.*, **14-cv-6601 (DLI)(CLP)**

Dear Judge Pollak:

      Following Your Honor's issuance of the Report and Recommendation ("R&R") on July 27, 2018 recommending denial of Defendants' motions to dismiss "in their entirety," 2018 WL 3616845, at *63 (E.D.N.Y. July 27, 2018), Plaintiffs respectfully request that the Court lift its January 16, 2015 discovery stay. *See* Minute Order, ECF No. 37. We have contacted all Defendants' counsel to obtain their consent to lift the stay and offered to meet and confer on the scope of the initial phase of discovery, entry of a protective order and collaboration on a joint discovery proposal to the Court. Defendants responded that they oppose lifting the stay.

      Case law in this Circuit and others strongly supports Plaintiffs' entitlement to a lift of the stay. Granting or maintaining a discovery stay given a pending motion to dismiss may be warranted if the court finds good cause, after considering factors including: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Where, as here, the magistrate judge recommended denying motions to dismiss, a stay of discovery is not warranted. *See Diaz v. Local 338 of the Retail*, No. 13-cv-7187(SJF)(SIL), 2014 WL 12778840, at *2 (E.D.N.Y. Aug. 21, 2014) ("[Because] the court issued a Report and Recommendation that the motion to dismiss be denied . . . . Defendant's application for a stay of discovery is denied.").[1] *See also Brainware, Inc. v. Scan-Optics, Ltd.*, No. 11-cv-755(REP)(DJN),

---

[1]     The District Court judge in *Diaz* agreed: "Defendant has not shown good cause for staying discovery during pendency of its motion to dismiss ... particularly since, *inter alia*, Magistrate Judge Locke has recommended that the branch of defendant's motion to dismiss seeking dismissal of those claims be denied." 2014 WL 4384712, at *2 (E.D.N.Y. Sept. 3, 2014).

2012 WL 1999549, at *11 (E.D. Va. May 9, 2012), *R&R adopted*, 2012 WL 1999636 (E.D. Va. June 4, 2012) ("The Court will not exercise its discretion to stay discovery pending resolution of the Motion to Dismiss while the Court simultaneously recommends denial of the very motion giving rise to such a stay.").

Defendants previously argued that a stay was warranted both because of the purported likelihood that their motions to dismiss would be granted and because of the alleged "undue burden" of reviewing "their prior productions to governmental authorities." Letter from Mark G. Hanchet to Hon. Cheryl L. Pollak, January 13, 2015, ECF No. 35. Regarding Defendants' former ground, Your Honor found that "[n]ot only have the plaintiffs alleged sufficient facts to state a plausible claim as to each of the named defendants, but the briefing has exposed many issues of fact, which are best left for a properly-instructed jury to decide after the parties have conducted discovery." R&R, 2018 WL 3616845, at *63. Plaintiffs' proposed initial discovery requests (a sample is annexed hereto as Exhibit 1), encompass central aspects of this case, implicating Defendants' alleged purposeful facilitation of illicit financial services for Iranian entities. *See id.* at *27 ("here there are serious questions raised as to whether the conduct of the defendants in this case in working with the Iranian entities to develop sophisticated means to evade detection and avoid U.S. sanctions could be considered 'routine banking services'") (internal quotation marks and citation omitted).

Even though this Court has rejected Defendants' arguments that Plaintiffs' claims are legally insufficient, Plaintiffs still seek to greatly minimize Defendants' initial discovery burden by designing their proposed initial discovery requests as narrowly as possible. Specifically, Plaintiffs' proposed discovery requests are limited solely to Defendants' external audit reports regarding Iranian-related transactions that cleared through the United States.[2] This limited scope will focus Defendants' initial document review on a relatively small subset of discoverable data that relates most directly to Plaintiffs' claims and has already been distilled into discrete documents. Furthermore, Plaintiffs' requests are limited to documents physically located or electronically stored in the United States, to eliminate any basis for objection on the grounds of a potential application of foreign data privacy or bank confidentiality law, which cannot bar disclosure of factual information that originated in or is physically located in the U.S.

We therefore respectfully request that Your Honor lift the stay and direct the parties to (1) meet and confer pursuant to Rule 26(f), including on the submission of a proposed protective order for this case,[3] and (2) exchange initial disclosures under Rule 26(a) within 30 days of the Court's order. Furthermore, Plaintiffs request that the Court permit them to propound initial discovery requests to each Defendant (except Bank Saderat, which did not enter into a deferred prosecution agreement) similar in substance to the example reflected in Exhibit 1.

---

[2] An example of such a report was attached as Exhibit A to the Second Amended Complaint, ECF No. 115-1.

[3] A separate, "attorney's-eyes-only" protective order would likely be necessary for Bank Saderat because of its status as a Specially Designated Global Terrorist and Plaintiffs' concern about sharing certain information with that Defendant, as opposed to its counsel.

**Hon. Cheryl L. Pollak, U.S.M.J.**
**August 7, 2018**
**Page 3 of 3**

    Plaintiffs thank the Court for its consideration.

                                      Respectfully submitted,

                                      Michael J. Radine

cc:      All Counsel