# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CHARLOTTE FREEMAN, et al.         :
                                  :
           Plaintiffs,            :
                                  :
      -against-                   :    Case No. 14-cv-6601 (DLI)(CLP)
                                  :
HSBC, et al.                      :
                                  :
           Defendants.            :
------------------------------------------------------X

### PLAINTIFFS' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT STANDARD CHARTERED BANK

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiffs hereby request that defendant Standard Chartered Bank ("SCB") in the above-captioned litigation produce and permit plaintiffs to inspect and copy the following documents which are in SCB's or its agents' or attorneys' possession, custody or control within 30 days of service of these requests.

### DEFINITIONS

1. As used herein, the following terms are defined as indicated:

   a. "Person" is synonymous with the definition contained in Local Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules").

   b. "Agent" means any past or present director, officer, counsel, shareholder, representative, consultant, or employee of any person or entity, or any person who assisted or acted or purported to act or assist for or on behalf of such person or entity.

   c. "Standard Chartered Bank," "SCB," "you," or "defendant" means defendant Standard Chartered Bank, and the scope of this definition is the same as the definition of "Parties" contained in Local Rule 26.3 and includes any Agents, or any person acting, or purporting to act, on behalf of defendant, including its foreign subsidiaries.

   d. "External Auditor" means Promontory Financial Group, LLC ("Promontory") (and any of its subsidiaries), Deloitte & Touche LLP

|     |     |
| --- | --- |
|     | ("Deloitte") (and any of its subsidiaries), PricewaterhouseCoopers LLP ("PwC") (and any of its subsidiaries) and any other person or entity SCB retained to conduct a transaction review or look-back. |
| e.  | "External Audit Report" means any report prepared by any External Auditor regarding a transaction review or look-back concerning SCB's Iranian transactions. For example, Exhibit A to the Second Amended Complaint is an "External Audit Report." |
| f.  | "Document" is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. |
| g.  | "Concerning" is synonymous with the definition contained in Local Rule 26.3. |
| h.  | "And/Or" is synonymous with the definition contained in Local Rule 26.3. |
| i.  | "Including" means "including without limitation" or "including, but not limited to." |
| j.  | "Transactions" includes, but is not limited to, electronic funds transfers (including those performed via SWIFT, CHIPS, and Tested Telex messaging systems), letters of credit, documentary collections, bills of exchange, guarantees, and book entry transfers. |
| k.  | "Look-back" is synonymous with the meaning used in Deferred Prosecution Agreement, *United States v. Standard Chartered Bank*, 1:12-cr-00262 (D.D.C. Dec. 10, 2012), ECF No. 2 (the "2012 SCB DPA"). |
| l.  | "Transaction review" is synonymous with the meaning of "transaction review" used in the 2012 SCB DPA. *See, e.g.*, ¶¶ 78-103. |
| m.  | "Cleared" is synonymous with "U.S.-dollar clearing" and has the same meaning used in the 2012 SCB DPA. *See, e.g.*, ¶¶ 9, 73-74, 103. |

## INSTRUCTIONS

1. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these document requests shall be deemed to be continuing in nature so that if SCB subsequently discovers or obtains possession, custody or control of any document previously requested or required to be produced, defendant shall promptly make such document available.

2. In producing documents and other materials, you are to furnish all documents in your possession in the United States, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3. In producing documents, you are to produce a true copy of each document requested. If the original of any document cannot be located, all drafts shall be produced instead, and shall be legible and bound or stapled in the same manner as the original.

4. If any requested document cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of such document, is being withheld, and the reason that document is being withheld.

5. Documents not otherwise responsive to these document requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these document requests, or if such documents are attached to documents called for by these document requests and constitute exhibits, spreadsheets or other transaction summaries.

6. All documents shall be produced in the same order as they are regularly kept or as they were maintained in the ordinary course of your business.

7. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

8. Documents attached to each other should not be separated.

9. If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

10. If you claim the attorney-client privilege or any protection, including but not limited to work product, for any document, provide a detailed privilege log that contains at least the information required by Local Rule 26.2(2)(A) for each document that you have withheld.

11. For purposes of this Document Request, only information that is physically located in the United States must be produced. This includes electronically-stored documents that are resident in the United States.

12. The relevant period for this Document Request is **January 1, 2001 through December 31, 2012**.

# DOCUMENTS REQUESTED

1. All External Audit Reports prepared by any External Auditor during the Relevant Period that concern and/or identify transactions on behalf, or for the benefit, of Iranian persons or entities that cleared or settled in, or through, the United States.

Dated: August __, 2018

                **OSEN LLC**

By: _____
Michael J. Radine
2 University Plaza, Suite 402
Hackensack, NJ 07601
(201) 265-6400

1441 Broadway, Suite 6022
New York, NY 10018
(212) 354-0111

TURNER & ASSOCIATES, P.A.
C. Tab Turner
4705 Somers Avenue, Suite 100
North Little Rock, AR 72116
(501) 791-2277

Attorneys for Plaintiffs