# CRAVATH, SWAINE & MOORE LLP

| | | | | |
|---|---|---|---|---|
| JOHN W. WHITE | THOMAS E. DUNN | WORLDWIDE PLAZA | LAUREN ANGELILLI | O. KEITH HALLAM, III |
| EVAN R. CHESLER | MARK I. GREENE | 825 EIGHTH AVENUE | TATIANA LAPUSHCHIK | OMID H. NASAB |
| RICHARD W. CLARY | DAVID R. MARRIOTT | NEW YORK, NY 10019-7475 | ALYSSA K. CAPLES | DAMARIS HERNÁNDEZ |
| STEPHEN L. GORDON | MICHAEL A. PASKIN | | JENNIFER S. CONWAY | JONATHAN J. KATZ |
| ROBERT H. BARON | ANDREW J. PITTS | | MINH VAN NGO | MARGARET SEGALL D'AMICO |
| DAVID MERCADO | MICHAEL T. REYNOLDS | TELEPHONE: +1-212-474-1000 | KEVIN J. ORSINI | RORY A. LERARIS |
| CHRISTINE A. VARNEY | ANTONY L. RYAN | FACSIMILE: +1-212-474-3700 | MATTHEW MORREALE | KARA L. MUNGOVAN |
| PETER T. BARBUR | GEORGE E. ZOBITZ | | JOHN D. BURETTA | NICHOLAS A. DORSEY |
| THOMAS G. RAFFERTY | GEORGE A. STEPHANAKIS | | J. WESLEY EARNHARDT | ANDREW C. ELKEN |
| MICHAEL S. GOLDMAN | DARIN P. MCATEE | | YONATAN EVEN | JENNY HOCHENBERG |
| RICHARD HALL | GARY A. BORNSTEIN | CITYPOINT | BENJAMIN GRUENSTEIN | VANESSA A. LAVELY |
| JULIE A. NORTH | TIMOTHY G. CAMERON | ONE ROPEMAKER STREET | JOSEPH D. ZAVAGLIA | G.J. LIGELIS JR. |
| ANDREW W. NEEDHAM | KARIN A. DEMASI | LONDON EC2Y 9HR | STEPHEN M. KESSING | MICHAEL E. MARIANI |
| STEPHEN L. BURNS | LIZABETHANN R. EISEN | TELEPHONE: +44-20-7453-1000 | LAUREN A. MOSKOWITZ | |
| KEITH R. HUMMEL | DAVID S. FINKELSTEIN | FACSIMILE: +44-20-7860-1150 | DAVID J. PERKINS | |
| DAVID J. KAPPOS | DAVID GREENWALD | | JOHNNY G. SKUMPIJA | |
| DANIEL SLIFKIN | RACHEL G. SKAISTIS | | J. LEONARD TETI, II | SPECIAL COUNSEL |
| ROBERT I. TOWNSEND, III | PAUL H. ZUMBRO | WRITER'S DIRECT DIAL NUMBER | D. SCOTT BENNETT | SAMUEL C. BUTLER |
| WILLIAM J. WHELAN, III | ERIC W. HILFERS | +1-212-474-1260 | TING S. CHEN | |
| PHILIP J. BOECKMAN | GEORGE F. SCHOEN | | CHRISTOPHER K. FARGO | |
| WILLIAM V. FOGG | ERIK R. TAVZEL | WRITER'S EMAIL ADDRESS | KENNETH C. HALCOM | |
| FAIZA J. SAEED | CRAIG F. ARCELLA | jburetta@cravath.com | DAVID M. STUART | OF COUNSEL |
| RICHARD J. STARK | DAMIEN R. ZOUBEK | | AARON M. GRUBER | MICHAEL L. SCHLER |

August 14, 2018

*Freeman, et al. v. HSBC Holdings plc, et al.*,
14-cv-06601-DLI-CLP

Dear Judge Pollak:

We represent Credit Suisse AG in the above-captioned matter. We respectfully write on behalf of the Moving Defendants[1] in response to Plaintiffs' letter, dated August 7, 2018 (Dkt. No. 167) (the "Letter"), requesting that the Court lift its order that "[d]iscovery [be] held in abeyance pending motion practice" (Dkt. No. 37) (the "Order"). For the reasons set forth below, we respectfully submit that Plaintiffs' request is premature because the District Court has not yet issued its decision on the pending motion to dismiss, and this Court should continue to hold discovery in abeyance until the District Court has issued its decision on the motion to dismiss.

*First*, the Order by its terms provides that the stay of discovery will remain in effect during the pendency of the motion to dismiss. (Dkt. No. 37.) The motion to dismiss remains pending, as the District Court still must review Your Honor's Report and Recommendations (Dkt. No. 165) (the "R&R") and has set a schedule for the parties to brief objections to the R&R. *See Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) (granting stay of discovery and noting that "[n]otwithstanding this court's recommendation that Defendant's motion [to dismiss] be denied, the report and recommendation does not constitute a final order"). Plaintiffs cite two cases for the proposition that "where, as here, the magistrate judge recommended denying motions to dismiss, a stay of discovery is not warranted". (Letter at 1.) Neither of those cases, however, involved (as here) a preexisting stay of discovery

---

[1] The "Moving Defendants" are HSBC Holdings plc, HSBC Bank plc, HSBC Bank Middle East Limited, HSBC Bank USA, N.A., Barclays Bank PLC, Standard Chartered Bank, the Royal Bank of Scotland N.V., Commerzbank AG and Credit Suisse AG.

2

that plaintiffs moved to lift after receiving a report and recommendations.[2] Moreover, Your Honor observed in the R&R that "the Second Circuit did not expressly address the question of what would be required in order to establish a conspiracy claim under the ATA" (R&R at 40-41), "the state of the law in terms of primary liability is still unclear" (R&R at 99), and "[f]ew courts have analyzed claims under Section 2332d" (R&R at 111).[3]  On the same day as Your Honor issued the R&R, two other courts issued decisions dismissing or affirming dismissal of post-JASTA and pre-JASTA claims on legal grounds asserted by the Moving Defendants here.  A District Court Judge in the Southern District of New York granted HSBC Bank USA, N.A.'s—a defendant here—motion to dismiss similar JASTA civil secondary liability claims because plaintiffs failed plausibly to allege a direct relationship with the terrorist organization responsible for the attacks, *see Siegel v. HSBC Bank USA, N.A.*, No. 17CV6593 (DLC), 2018 WL 3611967 (S.D.N.Y. July 27, 2018) (Cote, J.), and the U.S. Court of Appeals for the District of Columbia Circuit affirmed dismissal of primary liability Anti-Terrorism Act claims where plaintiffs had failed plausibly to allege proximate cause as required by *Rothstein v. UBS AG*, 708 F.3d 82 (2d Cir. 2013), *see Owens v. BNP Paribas S.A.*, No. 17-7037, 2018 WL 3595950 (D.C. Cir. July 27, 2018).  Given all of these circumstances, the Moving Defendants respectfully submit that time should be afforded for the District Court to consider these legal issues prior to a decision by Your Honor as to whether to lift the stay.

*Second*, Plaintiffs will not suffer unfair prejudice if discovery continues to be held in abeyance pending the resolution of the motion to dismiss, and they do not argue otherwise.  *See In re Term Commodities Cotton Futures Litig.*, No. 12 Civ. 5126 (ALC) (KNF), 2013 WL 1907738, at *7 (S.D.N.Y. May 8, 2013) (granting stay pending resolution of motion to dismiss where "Plaintiffs failed to demonstrate that a short delay in discovery will impose any unfair prejudice on them").  Plaintiffs have shown no immediate need for the documents described in the "sample" initial discovery request annexed to the Letter, or for any other documents.

---

[2] In *Diaz v. Local 338 of the Retail*, 2014 WL 12778840 (E.D.N.Y. 2014), defendant sought a discovery stay for the first time in opposition to plaintiff's motion to compel discovery after issuance of a report and recommendations recommending denial in part of defendant's motion to dismiss.  In *Brainware, Inc. v. Scan-Optics, Ltd.*, 2012 WL 1999549, at *11 (E.D. Va. May 9, 2012), the motion for a stay was addressed in the same report and recommendations as the motion to dismiss, and the Magistrate Judge thus determined that the stay motion was mooted by the report and recommendations on the motion to dismiss.

[3] As Your Honor's R&R discussed, it reached a conclusion on legal issues, such as the scope of Justice Against Sponsors of Terrorism Act ("JASTA")-based conspiracy liability, different than Magistrate Judge Gorenstein's conclusion in an earlier Opinion staying discovery in a similar case on common legal points and finding, among other things, that bank defendants' motion to dismiss analogous JASTA conspiracy claims is "strong".  *See O'Sullivan v. Deutsche Bank AG*, 17-cv-08709, Dkt. No. 118 (Opinion & Order) (Gorenstein, M. J.) (Apr. 26, 2018).

*Third*, lifting the discovery stay now would subject the Moving Defendants immediately to broad and burdensome discovery. *See Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 116 (E.D.N.Y. 2006) ("Facts that courts have considered when determining whether or not a stay is appropriate include: . . . the breadth of discovery and the burden of responding to it."). According to the Second Corrected Amended Complaint (Dkt. No. 115) ("Compl."), the alleged conspiracy involving the Moving Defendants supposedly spanned "decades" (Compl. ¶ 132). In cases involving allegations covering multiple years, a large number of parties, or potentially extensive amounts of discoverable materials—all of which are present here—courts have found discovery during the pendency of motions to dismiss to be unreasonable. *See, e.g.*, *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (staying discovery that would cover a "six-year period" and "multiple distributors in the New York City area", and be "costly and time-consuming"); *see also Negrete v. Citibank, N.A.*, No. 15 CIV. 7250 (RWS), 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) (granting stay where discovery was "likely to be significant in scope and expensive to comply with", as it included documents relating to foreign transactions between a bank and certain entities over a six-year period, as well as government investigations concerning those transactions).

Plaintiffs suggest they are seeking to "minimize" Defendants' discovery burden, but the discovery requests annexed to the Letter would be burdensome to respond to, both because of their time frame, scope, and potential to implicate regulatory and other privileges, and in fact are identified only as a "sample" of Plaintiffs' proposed initial discovery requests. (Letter at 2.) Prior to Your Honor's entry of the discovery stay, Plaintiffs sought "the records each Defendant previously produced to the U.S. Department of Justice and other federal and state agencies in connection with deferred prosecution agreements and related government investigations as alleged in the Complaint". (Dkt. No. 34.) Responding to such discovery requests would be costly and time-consuming. (*See* Dkt. No. 35); *O'Sullivan*, Dkt. No. 118 (finding that "[l]imiting discovery to documents already produced in connection with earlier investigations, as plaintiffs propose, would still impose a significant burden on defendants", and "reject[ing] plaintiffs' assertion that these documents would not have to be reviewed again") (citation omitted); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997) ("If the District Court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.").

For the reasons set forth above, we respectfully request that the Court continue to hold discovery in abeyance pending the District Court's decision on the motion to dismiss. Thank you for the Court's consideration.

Respectfully,

*/s/ J. Buretta/*

John D. Buretta

Honorable Cheryl L. Pollak
  United States Magistrate Judge
    United States District Court
      Eastern District of New York
        225 Cadman Plaza East
          Brooklyn, New York 11201

VIA ECF

Copies to:

All counsel

VIA ECF