**OSEN LLC**
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601
T. 201.265.6400   F. 201.265.0303

1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T.212.354.0111

August 16, 2018

**VIA ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601 (DLI)(CLP)

Dear Judge Pollak:

      Plaintiffs write in reply to Moving Defendants' letter ("Defendants' Letter"), dated August 14, 2018 and joined by Bank Saderat Plc, that asked this Court to maintain its stay of discovery.[1] *See* ECF Nos. 168, 169. Defendants do not provide any persuasive reasons for the Court to do so.

      First, Defendants argue that the January 16, 2015 Order provides that "the stay of discovery will remain in effect during the pendency of the motion to dismiss." *Id.* at 1. But the Order was premised on Your Honor's preliminary assessment of Plaintiffs' allegations and was issued nearly two and a half years before Chief Judge Irizarry referred those motions to Your Honor for a Report and Recommendation ("R&R"). The R&R now deems Plaintiffs' claims sufficiently meritorious to "proceed with discovery." R&R, 2018 WL 3616845, at *31; *see also id.* at *63. Defendants' argument that Your Honor's R&R is legally flawed (evidenced, in their opinion, by two inapposite cases premised on aiding and abetting, not conspiracy claims, and with vastly different allegations)[2] does not affect this Court's determination as to the merits of Plaintiffs' claims or the fact that the stay is itself entirely discretionary.

---

[1]     In an unrelated Anti-Terrorism Act case in this District, Bank Saderat Plc (represented by the same counsel as it is here) has recently advised Chief Magistrate Judge Mann that it no longer intends to participate in the litigation. *See* Exhibit A, attached hereto. Bank Saderat Plc has not provided equivalent notice in this case, and only by lifting the discovery stay is the Court likely to determine whether Bank Saderat Plc intends to ultimately participate in this litigation or is simply hoping for delay and an indefinite reprieve.

[2]     The plaintiffs in *Siegel* "advance[d] only a claim of aiding and abetting liability," and only under JASTA, for which plaintiffs failed to allege supporting facts. *Siegel v. HSBC Bank USA, N.A.*, No. 17-cv-6593 (DLC), 2018 WL 3611967, at *4 (S.D.N.Y. July 27, 2018). For instance, plaintiffs only alleged that HSBC Bank US N.A. ("HSBC US") held a correspondent account for al-Rajhi Bank (the court found that any transaction stripping was "done by third parties," a defense not made here) and knew or should have known that the latter had some connection to terrorism. *Id.* at *1-5 & n.1. *Owens* held that the plaintiffs failed to make out an aiding and abetting claim under § 2333(a)—JASTA was unavailable to plaintiffs because the attacks at issue occurred before September 11, 2001. *Owens v. BNP Paribas, S.A.*, No. 17-7037, 2018 WL 3595950, at *8-9 (D.C. Cir. July 27, 2018). The court noted that plaintiffs only "claim briefly" that defendant "is liable pursuant to principles of civil conspiracy"—not the statutory conspiracy claims at issue here—which it held was unavailable under § 2333(a). *Id.* at *4 n.7. The *Owens* court also

Defendants argue that the cases Plaintiffs cited in their August 7, 2018 letter regarded motions to impose a stay, not motions to lift a stay. But once good cause for a stay no longer exists, as it ceased to do when this Court determined that Plaintiffs' claims should proceed to discovery, it is, in the Defendants' words, "mooted." Defendants' Letter at 2 n.2.

Second, Defendants argue that Plaintiffs will not suffer prejudice if the stay is maintained. As an initial matter, this is legally irrelevant: "Good cause not otherwise having been shown, lack of prejudice does not justify a stay." *Guiffre v. Maxwell*, No. 15-cv-7433(RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016). In reality, Defendants' arguments make a powerful case for proceeding expeditiously because they have signaled that they intend to launch motion practice to impede discovery of even the narrowest, most obviously appropriate records imaginable.

The majority of ATA cases that have proceeded to discovery in this Circuit have involved the invocation (regularly overruled) of foreign bank secrecy or bank examination privileges that delay aspects of discovery for years.[3] Lifting the stay of discovery to allow Plaintiffs access to a narrow subset of inarguably discoverable records will, at a minimum, provide the parties with an opportunity to determine what further discovery can be produced in the future without extensive motion practice. This is particularly true in this case, which, in Defendants' words, "involv[es] allegations covering multiple years, a large number of parties, or potentially extensive amounts of discoverable materials." Defendants' Letter at 3. Starting the process now will significantly reduce the total time required for discovery to take place.

Third, Defendants argue that Plaintiffs' discovery requests—in fact a *single* discovery request directed to each Defendant for external audit reports—will be unduly burdensome by (1) pointing to document requests *not* at issue here, namely, Plaintiffs' prior proposed request for all documents Defendants produced to regulators, *see* ECF No. 34, or the similar request in *O'Sullivan*, *see* Defendants' Letter at 3, and (2) misconstruing Plaintiffs' term "sample" to suggest Plaintiffs proposed to bring in other requests at this initial stage. As is clear from Plaintiffs' August 7, 2018 letter, the attached Exhibit 1 was a sample in that *it was only addressed to one Defendant.* Plaintiffs are seeking leave to issue that single request to each Defendant, except Bank Saderat (for whom Plaintiffs would like to proceed on a somewhat different track).

In sum, no "good cause" for the stay remains, the balance of equities is entirely on Plaintiffs' side, and the modest and narrowly-targeted discovery sought is both a reasonable and efficient approach to commence the process of obtaining the "discoverable materials" in this case.

---

found that (1) the complaint was "not a model of clarity," (2) "[a]t bottom, Plaintiffs [did] not allege facts addressing directly whether BNPP began to process funds for Sudan before the embassy bombings," and (3) their briefs to the contrary relied "on a blatant misinterpretation of BNPP's stipulations." *Id.* at *4 n.7, *6.

[3]   *See, e.g.*, *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33 (E.D.N.Y. 2007); *Strauss v. Crédit Lyonnais, S.A.*, 242 F.R.D. 199 (E.D.N.Y. 2007); *Linde v. Arab Bank, PLC*, 463 F. Supp. 2d 310 (E.D.N.Y. 2006), *aff'd*, No. 04-cv-2799(NG)(VVP), 2007 WL 812918 (E.D.N.Y. Mar. 14, 2007); *Wultz v. Bank of China Ltd.*, No. 11-cv-1266(SAS), 2013 WL 6098484 (S.D.N.Y. Nov. 20, 2013).

Hon. Cheryl L. Pollak, U.S.M.J.
August 16, 2018
Page 3 of 3

                            Respectfully submitted,

                            Michael J. Radine

cc:    All Counsel