UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CHARLOTTE FREEMAN, *et al.,*

                              Plaintiffs,

                -against-

HSBC HOLDINGS PLC, *et al.,*

                              Defendants.

14-CV-6601 (DLI) (CLP)


**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF
THE INSTITUTE OF INTERNATIONAL BANKERS FOR LEAVE
TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF MOVING
DEFENDANTS' JOINT OBJECTIONS TO REPORT AND RECOMMENDATION**


Marc J. Gottridge
Lisa J. Fried
Benjamin A. Fleming
HOGAN LOVELLS US LLP
875 Third Avenue
New York, New York 10022
(212) 918-3000
marc.gottridge@hoganlovells.com
lisa.fried@hoganlovells.com
benjamin.fleming@hoganlovells.com

*Attorneys for Amicus Curiae*
*The Institute of International Bankers*


DATE OF SERVICE: September 14, 2018

Proposed *amicus curiae* The Institute of International Bankers ("IIB") respectfully submits this memorandum of law in support of its motion for leave to file an *amicus* brief. The IIB's brief would provide the Court with a broader perspective on ATA litigation and highlight reasons of particular significance to the international banking community why this Court should decline to adopt the R&R and should instead uphold the Moving Defendants' objections and dismiss the Second Amended Complaint. *See* Dkt. Nos. 165, 174. The IIB's proposed brief is attached as Exhibit 1 to the Declaration of Marc J. Gottridge in support of this motion (the "Gottridge Decl.").

## ARGUMENT

### A. The Filing of an *Amicus* Brief Should Be Granted Where the *Amicus* Presents a Perspective that Can Assist the Court Beyond the Parties' Briefing.

A district court has "broad discretion" to allow the filing of an *amicus* brief. *Jamaica Hosp. Med. Ctr., Inc. v. United Health Grp., Inc.*, 584 F. Supp. 2d 489, 497 (E.D.N.Y. 2008); *see also Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12-cv-7935, 2014 WL 265784, at \*1 (S.D.N.Y. Jan. 23, 2014) ("[T]he decision to grant leave to file a brief *amicus curiae* is in the firm discretion of the court."). An *amicus* brief should be allowed when "the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Muchmore's Cafe, LLC v. City of New York*, Case No. 14-cv-5668, 2018 WL 3489556, at \*2 (E.D.N.Y. July 19, 2018) (citing *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

### B. The IIB's Perspective on the Issues Before the Court Would Be of Assistance to the Court, Beyond the Parties' Briefing.

The IIB has precisely such a perspective on the issues now before the Court, going beyond the four corners of this case and the arguments made by the parties. As explained at

greater length in the proposed *amicus* brief (Gottridge Decl. Ex. 1 at 1–3): The IIB is the only national association devoted solely to representing the interests of banking organizations that are headquartered outside the United States but operate within the United States. The IIB's membership consists of approximately 90 banking and financial institutions from over 35 countries; and in the aggregate, the IIB members' U.S. operations have approximately $5 trillion in U.S. banking and non-banking assets, provide approximately 25% of all commercial and industrial bank loans made in this country and have over 20,000 full-time employees in the U.S. Collectively, the U.S. branches and other operations of the IIB member institutions enhance the depth and liquidity of the U.S. financial markets and are an important source of liquidity in those markets, including for domestic borrowers. The IIB's member institutions are an important source of liquidity in U.S. markets, and they provide over one-quarter of all commercial and industrial bank loans in this country.

The IIB regularly appears before federal courts as *amicus curiae* in cases that raise significant legal issues related to international banking, including cases that address the proper scope of the Anti-Terrorism Act, 18 U.S.C. § 2331 *et seq.* ("ATA"), the statute whose construction was addressed in the R&R and the Moving Defendants' objections. *See* Gottridge Decl. Ex. 1 at 4, 10–15, 17.

The IIB and its approximately 90 member banks have a substantial interest in the matter now before the Court, and present more information and a broader perspective on that matter than the parties' briefing does. As explained at length in the proposed *amicus* brief, in the IIB's view, adoption of the R&R as an order of this Court would: expose international banking operations to an expanded risk of U.S. civil liability, well beyond that permitted by the ATA and controlling judicial precedents; create disincentives to providing banking services worldwide;

and harm the international financial system. This in turn would have a substantial negative impact on the IIB and its members, and would frustrate foreign policy goals, international security, and U.S. and international law enforcement.

### C. This Motion is Unopposed.

Finally, the IIB's motion is unopposed. Defendants have consented to the filing of the IIB's proposed *amicus* brief, while Plaintiffs do not oppose the IIB's motion seeking leave to file this brief. *See* Gottridge Decl. ¶ 4.

### CONCLUSION

For the foregoing reasons and those set forth in the accompanying declaration and attached proposed *amicus brief*, the IIB respectfully requests leave to file a brief as *amicus curiae*.

Dated: New York, New York
   September 14, 2018

<div style="margin-left:50%">

Respectfully submitted,

HOGAN LOVELLS US LLP

By: /s/ Marc J. Gottridge
 Marc J. Gottridge
 Lisa J. Fried
 Benjamin A. Fleming
875 Third Avenue
New York, New York 10022
(212) 918-3000
marc.gottridge@hoganlovells.com
lisa.fried@hoganlovells.com
benjamin.fleming@hoganlovells.com

*Attorneys for Amicus Curiae*
*The Institute of International Bankers*

</div>