OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601
T. 201.265.6400   F. 201.265.0303

1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T.212.354.0111

December 11, 2018

**VIA ECF**

Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: *Freeman, et al. v. HSBC Holdings plc, et al.,* **14-cv-6601 (DLl)(CLP)**

Dear Judge Pollak:

      Having concluded the trial to which Plaintiffs' counsel referenced during the November 7, 2018 status conference, we respectfully write in response to Defendants' letters dated November 30, 2018 (ECF Nos. 200, 201 ("Letter")). As explained further below, we have decided to file a related case rather than to amend the current *Freeman* complaint. Proceeding in this manner will ensure that all of our clients have the opportunity to bring their claims before the statute of limitations expires and avoid burdening the Court with expedited motion practice over the holidays.

      At the Court's direction, we served on Defendants' counsel a draft Third Amended Complaint ("TAC") with a redline of proposed changes on November 21, 2018. *See* ECF No. 199 and accompanying exhibits. Despite assuring Plaintiffs and the Court that they intend to be cooperative, Defendants refused to consent to the proposed addition of Plaintiffs, which refusal would require Plaintiffs either to move for amendment or to bring a related case. Defendants refused to consent on three purported grounds:

- **Defendants contended that "Plaintiffs have provided no satisfactory explanation for their lengthy delay in seeking to add new plaintiffs and attacks (the most recent of the newly-alleged attacks occurred in 2011, prior to the date the original complaint was filed)."**[1] Letter at 2.

---

[1] Defendants cite a single, irrelevant case, in which plaintiffs added a RICO claim for the first time in a third amended complaint due to counsel's "ignorance of the statute." *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 952 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984).

This simply ignores Plaintiffs' representation during the November 7, 2018 court conference *and* in our October 30, 2018 letter (ECF No. 185): we "have been retained by more than four hundred additional plaintiffs since the operative Second Amended Complaint, ECF No. 115 ('SAC'), was filed...." ECF No. 185 at 1. And while the Plaintiffs were indeed all injured in attacks that occurred before we filed the first complaint, *they did not retain Plaintiffs' counsel immediately upon being injured in the attacks*. Many of them have only retained Plaintiffs' counsel in the last few weeks.

- **Defendants noted that the draft TAC added 450 Plaintiffs and 81 attacks and have asked to add others before the statute runs.** Letter at 2.

    Defendants do not explain how the number of Plaintiffs or attacks relates to amendment, given that all the claims are timely and will be brought against them regardless of the method.[2]

- **Defendants also argued that they wanted to contest, for the first time, "pleading deficiencies" in the attack allegations "as to which [they] would move to dismiss."** Letter at 2.

    Consenting to the amendment would not preclude Defendants from raising "pleading deficiencies" in any newly added allegations. The stated objection is irrelevant to the question of amendment.

In sum, Defendants have made clear that they will not consent, and that they will fight Plaintiffs' procedural request to bring claims by amendment rather than filing a new case. That fight could prevent some of our clients from bringing their claims before the statute of limitations runs.[3] We cannot accept that risk for our current clients, including more than two dozen victims who have contacted counsel after the draft TAC was served on defense counsel. That pointless fight would also compel the Court to decide these issues on a very expedited basis over the holiday season.

For these reasons, we have decided that filing a related case is the most responsible choice for our clients and the least burdensome for the Court. As a procedural matter, we will add an express JASTA claim (unavailable when we filed the SAC more than two years ago) consistent with the Court's finding that Plaintiffs have already pleaded facts sufficient to make out such a claim. *See Freeman v. HSBC Holdings PLC*, No. 14-cv-6601 (DLI)(CLP), 2018 WL 3616845, at

---

[2] Defendants also claim that Plaintiffs "understate[]" the scope of the additions to the TAC, implying we omitted the number of proposed plaintiffs ("450, to be precise") or the number of the additional attacks. Letter at 2. In reality, Plaintiffs' November 21, 2018 letter to defense counsel provided the precise number of proposed plaintiffs in each category—including those in additional attacks—and the redlined TAC clearly shows the number of added attacks. *See* Exhibits A and B to Plaintiffs' November 21, 2018 letter to Hon. Pollak (ECF No. 199-1, 199-2).

[3] Defendants dismiss this concern by arguing that filing a motion to amend would be sufficient to preserve the proposed plaintiffs' claims after the limitations period expires on January 2, 2019. Letter at 2 n.2. While this may be true where leave to amend is *granted*, it may not be where it is denied. Defendants' invitation for us to wait to move for leave to file an amended complaint until the end of the year on the assumption that it will relate back seems disingenuous given that they also argue that amendment is somehow improper, and Plaintiffs therefore decline it.

*14 (E.D.N.Y. July 27, 2018). We also intend to add additional allegations regarding the Islamic Revolutionary Guard Corps and Hezbollah—although this Court ruled that the allegations of the SAC are sufficient to advance to discovery, we have learned additional facts since the filing of the SAC that offer a more complete historical record. However, we do not anticipate adding or altering any allegations regarding the Defendants or Defendants' conduct.

We thank the Court for its consideration.

Respectfully submitted,

Michael Radine

cc: All counsel via ECF