OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601     1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303     T.212.354.0111

May 13, 2019

**VIA ECF**

Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**   *Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601 (PKC)(CLP) ("*Freeman I*")
       *Freeman, et al. v. HSBC Holdings plc, et al.*, 18-cv-7359 (PKC)(CLP) ("*Freeman II*")
       *Bowman, et al. v. HSBC Holdings plc, et al.*, 19-cv-2146 (PKC)(CLP) ("*Freeman III*")

Dear Judge Chen:

Pursuant to the Court's May 9, 2019 Order, Plaintiffs respectfully write in response to Defendants' May 7, 2019 letter requesting a pre-motion conference and a stay of *Freeman II*.

Defendants misstate Plaintiffs' position. Plaintiffs favor the application of the Court's decisions on the pending motions to dismiss in *Freeman I* to *Freeman II* and *III*. Plaintiffs also do not oppose Defendants' right to raise new, non-frivolous defenses to *Freeman II* and *III,* provided they move on those novel defenses now. Plaintiffs reiterate what they confirmed to Magistrate Judge Pollak during a status conference before they filed *Freeman II and III*: "[W]e have no objection to the defendant's moving upon the filing [of the subsequent *Freeman* complaints] if they see an attack that they think raises some separate issue." Nov. 7, 2018 Tr., 7:21-23, ECF No. 211. Plaintiffs only oppose Defendants' request to reserve those (and other) defenses to deploy in serial motions to dismiss if their current motions in *Freeman I* fail.

**Procedural Context**

On October 30, 2018, Plaintiffs wrote to Magistrate Judge Pollak informing her that additional plaintiffs were seeking to join *Freeman I* and proposing "a method for efficiently joining the new plaintiffs to this action in what we hope is the least burdensome way to the Court and parties." *See* Oct. 30, 2018 Letter from M. Radine to Hon. Cheryl L. Pollak, ECF No. 185, annexed hereto as Exhibit 1. Because potential claimants occasionally come forward with ATA claims near the end of their 10-year limitations period (the U.S. military left Iraq in 2011), we proposed the periodic addition of plaintiffs by filing addenda to the operative complaint, followed by limited motions to dismiss, as necessary.[1] Despite that offer and providing Defendants with a draft

---

[1]     Plaintiffs' counsel used this process successfully in *Linde, et al. v. Arab Bank, plc*, 04-cv-2799 (BMC)(PK).

Letter to Hon. Pamela K. Chen, U.S.D.J.
May 13, 2019
Page 2 of 3

amended complaint that contained <u>no</u> new factual allegations against Defendants or claims for relief, Defendants stated they could not consent to amendment because, *inter alia*, "the attacks alleged" in the proposed amended complaint "have pleading deficiencies as to which the Moving Defendants would move to dismiss were a motion to amend granted." *See* Nov. 30, 2018 Letter from J. Buretta to Hon. Dora L. Irizarry, *Freeman I*, ECF No. 201, annexed hereto as <u>Exhibit 2</u>, at 2.

Plaintiffs therefore filed a new complaint for a large set of arguably expiring claims ("*Freeman II*") on December 26, 2018.[2] To reduce further wasted cost and time, Plaintiffs sought Defendants' consent to accept service of *Freeman II* through their *Freeman I* counsel. *See* Dec. 26, 2018 and Jan. 2, 2019 emails from W. Friedman to Defendants' counsel, annexed hereto as <u>Exhibit 3</u>. Defendants never responded, compelling Plaintiffs to serve Defendants via Fed. R. Civ. P. 4. *See* ECF Nos. 18-27 (Jan. 22-Jan. 30 filings of executed summonses).

When the Bowman family retained Plaintiffs' counsel arguably near the end of the limitations period for that family, cognizant of the recent history of Defendants' non-cooperation, we brought their claims in yet another stand-alone complaint ("*Freeman III*") on April 11, 2019. We again sought Defendants' consent to accept service via counsel, but Defendants conditioned acceptance of service on our agreement to completely stay *Freeman II* and *III*, and sent Plaintiffs draft stipulations to that effect. *See* Apr. 30, 2019 email from R. Ramamurthi to A. Schlanger, annexed hereto as <u>Exhibit 4</u>, and accompanying draft stipulations, annexed hereto as <u>Exhibit 4A</u> and <u>Exhibit 4B</u>. Defendants recently reiterated that they will not refuse service provided Plaintiffs accede to their demand to stay *Freeman III*. *See* May 10, 2019 email from J. Blackman to A. Schlanger, annexed hereto as <u>Exhibit 5</u>. Plaintiffs were amenable to a stay provided Defendants waived their purported defenses to "the attacks alleged" in *Freeman II* but *only* "*as to sufficiency at the pleading stage*." Apr. 30, 2019 email from A. Schlanger to J. Blackman, <u>Exhibit 5</u>. Defendants would naturally be able to raise the defenses in a motion for judgment on the pleadings (Rule 12(c)) or summary judgment. In the alternative, we asked that they move promptly to raise those defenses in order to avoid serial motions to dismiss.

Put simply, what Plaintiffs *actually* seek to avoid is a stay of *Freeman II* and *III* that permits Defendants to strategically exploit the existence of these two additional docketed cases (filed for the reasons explained above) in order to retain the option to relitigate *Freeman I* by filing successive motions to dismiss if their pending motions to dismiss fail.

Finally, Defendants' reference to other "stays entered in similar pending ATA cases" is irrelevant.[3] The fact that plaintiffs' counsel in cases that closely resemble (and were platformed on) our work product may be content to continue to benefit from our briefs and hope to enjoy the (theoretical) benefit of this Court's rulings does not justify imposing delays on the undersigned counsel who filed the original cases, have briefed these issues voluminously over the past four

---

[2]   The statute of limitations expired on certain claims filed after January 1, 2019.

[3]   Plaintiffs' counsel have no relationship with these cases (each adapts portions of the *Freeman I* complaint, but also differs in significant ways) or the firms that brought them, and cannot speak to any communications they may have had with Defendants.

years, and whose related cases (*Freeman II* and *III*) resulted from Defendants' refusal to consent to an amendment to add parties.

Since Plaintiffs filed *Freeman I* in 2014 they have not been permitted to take any discovery. Judge Pollak's Report and Recommendation ("R&R") shows that Plaintiffs' claims are sufficiently meritorious to proceed to discovery. *Freeman, et al. v. HSBC Holdings plc, et al.*, 2018 WL 3616845, *63 (E.D.N.Y. July 27, 2018) ("[T]his Court respectfully recommends that defendants' motions to dismiss be denied in their entirety. Not only have the plaintiffs alleged sufficient facts to state a plausible claim as to each of the named defendants, but the briefing has exposed many issues of fact, which are best left for a properly-instructed jury to decide after the parties have conducted discovery.") We are concerned that Defendants will attempt to further delay this case and that these Plaintiffs will continue to suffer from serial motion practice without any meaningful progress or a path to resolution.

In sum, we respectfully request that the Court look at the totality of the procedural history of this litigation, determine what, if any, additional briefing of genuinely new issues raised by the *Freeman II* and *III* complaints is warranted, and set a schedule for that briefing – so as to curtail Defendants' planned serial motions to dismiss (if their objections to the R&R are not wholly adopted). Lastly, we respectfully request that the Court confer with Magistrate Judge Pollak to determine if the initial discovery Plaintiffs proposed (ECF No. 167, renewed at ECF No. 215) should be permitted to proceed at this time.

Respectfully submitted,

/s/ Gary M. Osen

cc:   All Counsel