OSEN LLC
ATTORNEYS AT LAW
WWW.OSENLAW.COM

2 UNIVERSITY PLAZA, SUITE 402, HACKENSACK, NJ 07601        1441 BROADWAY, SUITE 6022, NEW YORK, NY 10018
T. 201.265.6400   F. 201.265.0303                                                              T.212.354.0111

October 8, 2019

**VIA ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Freeman, et al. v. HSBC Holdings plc, et al.*, 14-cv-6601 (PKC)(CLP) ("*Freeman I*")
*Freeman, et al. v. HSBC Holdings plc, et al.*, 18-cv-7359 (PKC)(CLP) ("*Freeman II*")
*Bowman, et al. v. HSBC Holdings plc, et al.*, 19-cv-2146 (PKC)(CLP) ("*Bowman*")

Dear Judge Chen:

As the Court is aware, on September 26, 2019, Plaintiffs filed a Motion for Partial Reconsideration ("Motion") of Your Honor's September 16, 2019 Order ("Order") dismissing the *Freeman I* action as it relates to Standard Chartered Bank ("SCB") and Bank Saderat Plc ("Saderat"). ECF No. 239. Counsel for SCB and Saderat have advised Plaintiffs' counsel that they intend to file their briefs in opposition to the Motion this week, within the 14-day period set forth in the Local Rules. *See* E.D.N.Y. Local Rs. 6.1(b), 6.3. Accordingly, Plaintiffs' counsel have not submitted a proposed briefing schedule, and Plaintiffs anticipate filing their reply brief on October 17, 2019 pursuant to the Local Rules. *See id.*

Furthermore, Plaintiffs' counsel respectfully request that the Court:

1. Hear oral argument on the Motion; and
2. Determine whether the Motion "tolls" the period for noticing an appeal for and against *all* parties in *Freeman I* or whether a motion for an extension of "the time to file a notice of appeal" pursuant to Fed. R. App. P. 4(a)(5)(A) is required to toll the period for noticing an appeal for parties other than SCB and Saderat.

**Plaintiffs' First Request**

Your Honor's Individual Practice Rule 3(E) provides that "[p]arties may request oral argument, but must do so by separate letter or motion."

**Plaintiffs' Second Request**

Plaintiffs' Motion "tolls" the period under Fed. R. App. P. 4 for filing a notice of appeal. *See* Fed. R. App. P. 4(a)(4)(A) ("If a party files in the district court [a motion to alter or amend the judgment under Rule 59] . . . within the time allowed by those rules--the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."). Although in this District motions to reconsider are brought under Local Rule 6.3, the Second Circuit has held that "[s]uch motions, when timely made, are treated as motions under Rule 59(e) for the purposes of tolling the time to file an appeal." *Roistacher v. Bondi*, 624 F. App'x 20, 22 (2d Cir. 2015) (summary order). *See also Hertzner v. Henderson*, 292 F.3d 302, 303 (2d Cir. 2002) (same).

Decisions from other circuits indicate that motions for reconsideration "toll" the period for noticing an appeal for and against *all* parties, even where the motion only seeks reconsideration of judgment as to some, but not all, defendants. *See, e.g.*, *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1279 (10th Cir. 2013) ("[Appellees] claim that the ... appeal is untimely on the theory that [Appellants'] 59(e) motion—which challenged only the judgment in favor of [one defendant]—did not toll the time to appeal with respect to the other defendants. We reject this argument."). *See also* 16A Fed. Prac. & Proc. Juris. § 3950.4 (5th ed.) ("Rule 4(a)(4)(A) explicitly states that its tolling effect concerns 'the time to file an appeal … for all parties.' Thus, absent entry of separate judgments under Civil Rule 54(b), a motion by or against one party suspends the time for appeal as to all parties."); *Martin v. Campbell*, 692 F.2d 112, 116 (11th Cir. 1982) (same as to a timely motion for a new trial by one defendant); *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, 739 F.2d 284, 284 (7th Cir. 1984) ("[that a motion for reconsideration is made only to one claim] makes no difference at all, as we think is clear from the fact that Rule 4(a)(4) states that the filing of a Rule 59(e) ... motion extends 'the time for appeal for *all* parties'"). Any other result would risk parallel appellate and district court proceedings relating to the same judgment. *See* Fed. R. Civ. P. 54(b).

However, because (a) Plaintiffs have not located a Second Circuit case directly on point[1] (but have seen no contrary decisions in any Circuit), (b) elements of Fed. R. App. P. 4 are jurisdictional and (c) Plaintiffs want to avoid filing even a precautionary notice of appeal that could complicate ultimate disposition of the three above-referenced cases, if the Court believes Plaintiffs are mistaken on the question of whether the Motion "tolls" the period for noticing an appeal for and against *all* parties in *Freeman I*, Plaintiffs respectfully request that the Court treat this letter as a motion for an extension of "the time to file a notice of appeal" pursuant to Fed. R. App. P. 4(a)(5)(A) (or notify Plaintiffs' counsel that such a motion should be separately submitted).

---

[1] The Second Circuit has noted, however, that "[p]ursuant to Fed.R.App.P. 4(a)(4), a timely filed post-judgment motion for judgment n.o.v. or for a new trial tolls the commencement of the appeal period for *all* parties until the entry of the order disposing of the motion. Because [defendant's] post-judgment motion for such relief was timely filed, the appeal period was tolled until ... the date on which Judge Carter decided all the motions. Accordingly, plaintiffs' ... cross-notice of appeal ... was in fact filed within the period in which the underlying judgment could also be appealed." *Mallis v. Bankers Tr. Co.*, 717 F.2d 683, 693 (2d Cir. 1983) (emphasis in original).

### *Freeman II* **and** *Bowman* **Cases**

Finally, as the Court will recall, the *Freeman II* and *Bowman* cases are substantially similar to *Freeman I*, with a few exceptions,[2] and are therefore substantially impacted by the Order and the pending Motion.

Accordingly, Plaintiffs' counsel have conferred with Defendants' counsel (except Bank Saderat which has defaulted in both *Freeman II* and *Bowman*) and have submitted stipulations for the Court's approval that will effectively stay the *Freeman II* and *Bowman* actions until the Court issues a decision concerning the pending Motion.

Respectfully submitted,

/s/ Gary M. Osen

cc: All counsel (via ECF)

---

[2] The *Freeman II* and *Bowman* complaints contain different Plaintiffs (but the same Defendants); additional factual allegations concerning the IRGC's and Hezbollah's conduct in Iraq; additional claims for relief expressly delineating claims brought under JASTA (18 U.S.C. §2333(d)(2)); and the *Bowman* complaint notes the U.S. designation of the IRGC as an FTO in 2019.