# CLEARY GOTTLIEB STEEN & HAMILTON LLP

THOMAS J. MOLONEY
DAVID G. SABEL
JONATHAN I. BLACKMAN
RICHARD S. LINCER
JAMES A. DUNCAN
STEVEN M. LOEB
CRAIG B. BROD
NICOLAS GRABAR
CHRISTOPHER E. AUSTIN
HOWARD S. ZELBO
DAVID E. BRODSKY
ARTHUR H. KOHN
RICHARD J. COOPER
JEFFREY S. LEWIS
PAUL J. SHIM
STEVEN L. WILNER
ANDRES DE LA CRUZ
DAVID C. LOPEZ
MICHAEL A. GERSTENZANG
LEWIS J. LIMAN
LEV L. DASSIN
NEIL Q. WHORISKEY
JORGE U. JUANTORENA
MICHAEL D. WEINBERGER
DAVID LEINWAND
DIANA L. WOLLMAN
JEFFREY A. ROSENTHAL
MICHAEL D. DAYAN
CARMINE D. BOCCUZZI, JR.
JEFFREY D. KARPF
KIMBERLY BROWN BLACKLOW
ROBERT J. RAYMOND
SUNG K. KANG
LEONARD C. JACOBY
SANDRA L. FLOW
FRANCISCO L. CESTERO

FRANCESCA L. ODELL
WILLIAM L. MCRAE
JASON FACTOR
JOON H. KIM
MARGARET S. PEPONIS
LISA M. SCHWEITZER
JUAN G. GIRÁLDEZ
DUANE MCLAUGHLIN
BREON S. PEACE
CHANTAL E. KORDULA
BENET J. O'REILLY
ADAM E. FLEISHER
SEAN A. O'NEAL
GLENN P. MCGRORY
MATTHEW P. SALERNO
MICHAEL J. ALBANO
VICTOR L. HOU
ROGER A. COOPER
AMY R. SHAPIRO
JENNIFER KENNEDY PARK
ELIZABETH LENAS
LUKE A. BAREFOOT
JONATHAN S. KOLODNER
DANIEL ILAN
MEYER H. FEDIDA
ADRIAN R. LEIPSIC
ELIZABETH VICENS
ADAM J. BRENNEMAN
ARI D. MACKINNON
JAMES E. LANGSTON
JARED GERBER
COLIN D. LLOYD
COREY M. GOODMAN
RISHI ZUTSHI
JANE VANLARE
DAVID H. HERRINGTON

KIMBERLY R. SPOERRI
AARON J. MEYERS
DANIEL C. REYNOLDS
ABENA A. MAINOO
HUGH C. CONROY, JR.
JOSEPH LANZKRON
MAURICE R. GINDI
KATHERINE R. REAVES
RAHUL MUKHI
RESIDENT PARTNERS

SANDRA M. ROCKS
S. DOUGLAS BORISKY
JUDITH KASSEL
DAVID E. WEBB
PENELOPE L. CHRISTOPHOROU
BOAZ S. MORAG
MARY E. ALCOCK
HEIDE H. ILGENFRITZ
KATHLEEN M. EMBERGER
AVRAM E. LUFT
ANDREW WEAVER
HELENA K. GRANNIS
JOHN V. HARRISON
CAROLINE F. HAYDAY
NEIL R. MARKEL
KENNETH S. BLAZEJEWSKI
LAURA BAGARELLA
SHIRLEY M. LO
JONATHAN D.W. GIFFORD
SUSANNA E. PARKER
RESIDENT COUNSEL

LOUISE M. PARENT
OF COUNSEL

**One Liberty Plaza**
**New York, NY 10006-1470**
**T: +1 212 225 2000**
**F: +1 212 225 3999**

clearygottlieb.com

WASHINGTON, D.C. · PARIS · BRUSSELS · LONDON · MOSCOW
FRANKFURT · COLOGNE · ROME · MILAN · HONG KONG
BEIJING · BUENOS AIRES · SÃO PAULO · ABU DHABI · SEOUL

D: +1 (212) 225 2490

jblackman@cgsh.com

November 27, 2019

**VIA ECF**

Honorable Pamela K. Chen
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   ***Freeman, et al. v. HSBC Holdings plc, et al.***, 14-cv-6601 (PKC)(CLP)
> ***Freeman, et al. v. HSBC Holdings plc, et al.***, 18-cv-7359 (PKC)(CLP)
> ***Bowman, et al. v. HSBC Holdings plc, et al.***, 19-cv-2146 (PKC)(CLP)
>
> **Joint Letter Regarding Dismissal and Appeal of Related Cases**

Dear Judge Chen:

We write on behalf of all parties in the above-referenced actions except for Bank Saderat Plc (herein, the "Parties") in accordance with the Court's October 28, 2019 directive to provide the Parties' proposal for next steps with respect to these actions.  (Oct. 28, 2019 Minute Entry.)  At a hearing held on October 28, 2019, the Court denied Plaintiffs' motion for partial reconsideration of the Court's September 16, 2019 Memorandum and Order (the "September 16 Order") dismissing *Freeman, et al.* v. *HSBC Holdings plc, et al.*, 14-cv-6601 (*Freeman I*), ECF No. 237.  Consistent with the Court's directive at the October 28 hearing, the Parties' counsel have conferred extensively on the most efficient procedure to effectuate coordinated dismissal and appeal of two related actions that assert substantially similar claims as those dismissed in *Freeman I*—*Freeman, et al.* v. *HSBC Holdings plc, et al.*, 18-cv-7359 (*Freeman II*) and *Bowman, et al.* v. *HSBC Holdings plc, et al.*, 19-cv-2146 (*Bowman*).  *Freeman II* and *Bowman* have been stayed pending the Court's decision on motions to dismiss in *Freeman I*.

Hon. Pamela K. Chen p. 2

Set forth below are the Parties' respective positions.

A.      **Plaintiffs' Position**

Consistent with the District Court's November 25, 2019 Minute Order, Plaintiffs promptly filed their *Freeman I* notice of appeal on November 26, 2019, ECF No. 246, to ensure that the appeal is lodged within 30 days of the October 28, 2019 bench order pursuant to Fed. R. App. P. 4(a)(4)(A). Assuming the Court does not extend the stay in *Freeman II* and *Bowman* past November 27, 2019, Plaintiffs will then amend *Freeman II* to add an additional plaintiff family and amend both *Freeman II* and *Bowman* to add further factual allegations previously discussed in the record.[1]

Once the amended *Freeman II* and *Bowman* complaints have been filed, the Court can either dismiss them on its own, the Parties can reconvene and agree to a stipulation and proposed order in those cases or the Court can direct the Parties to proceed in some other manner it so determines.

B.      **Defendants' Position**

Defendants agree with Plaintiffs that *Freeman II* and *Bowman* should be dismissed for all the reasons that this Court dismissed *Freeman I* and denied reconsideration of that decision. Defendants also do not oppose the limited amendments that the *Freeman II* and *Bowman* plaintiffs have proposed, which would add (i) one additional plaintiff family to *Freeman II* and (ii) reference to three documents that *Freeman I* plaintiffs previously filed with the Court.[2]   However, Defendants write separately to note one important distinction between the dismissed complaint in *Freeman I* and the operative complaints in *Freeman II* and *Bowman*.

In particular, Plaintiffs in *Freeman I* pursued a more limited theory of liability under the Antiterrorism Act ("ATA") and Justice Against State Sponsors of Terrorism Act ("JASTA") than plaintiffs in *Freeman II* and *Bowman*.  As this Court is aware, as amended by JASTA, the ATA

---

[1] Although not germane to the procedural issue before the Court, Plaintiffs note that Defendants are incorrect in stating "Plaintiffs in *Freeman I* chose to pursue only a conspiracy theory of liability…." Neither Plaintiffs' Claims for Relief Six nor Seven in *Freeman I* are predicated on conspiracy. Both claims asserted violations of the material support statute analogous to "aiding and abetting" claims under § 2333(d). This distinction was discussed during the October 28, 2019 oral argument, when Plaintiffs' counsel noted that Plaintiffs' Claims for Relief Six and Seven are equivalent to § 2333(d) "aiding and abetting" claims (pleaded before § 2333(d) was enacted) but that there was no comparable claim pleaded against Bank Saderat Plc in *Freeman I*. *See* Oct. 28 Hearing Tr. at 57:6-59:3. In all other respects, Plaintiffs disagree with Defendants' characterizations set forth below, but see no need to address them here.

[2] Specifically, those documents were filed in Case No. 14-CV-6601 at ECF Nos. 218 at 5, 7 & n.9, and Ex. A; 245 at 1 and Ex. A.

Hon. Pamela K. Chen p. 3

provides for a narrow private right of action for victims of a designated Foreign Terrorist Organization's acts of international terrorism against a "person who aids and abets, by knowingly providing substantial assistance, or who conspires with the person who committed such an act of international terrorism" 18 U.S.C. § 2333(d)(2).  Plaintiffs in *Freeman I* chose to pursue only a conspiracy theory of liability, and the Court dismissed all claims on that basis in the September 16 Order.  *See Freeman I*, 2019 WL 4452364, at *2 (E.D.N.Y. Sept. 16, 2019).[3]  It was not until the *Freeman I* plaintiffs sought partial reconsideration of the September 16 Order that plaintiffs argued for the first time that the *Freeman I* operative complaint also asserted an aiding and abetting claim against one Defendant—Standard Chartered Bank.  (*See* ECF No. 239 at 18-22 in Case No. 14-CV-6601.)  The Court found "it a little disingenuous" for Plaintiffs' counsel to even make such an argument because plaintiffs' counsel had "never declared in this case that you were advancing an aiding and abetting theory." (Oct. 28 Hearing Tr. 45:24-46:2.)  The Court nevertheless considered the *Freeman I* plaintiffs' arguments with respect to aiding and abetting and found them to be unavailing.  (Oct. 28 Hearing Tr. 61:5-16.)

Unlike the *Freeman I* action, the complaints in *Bowman* and *Freeman II* both expressly plead aiding and abetting claims against all Defendants.  (*Bowman* Compl. ¶¶ 1318-1336, ECF No. 1 in No. 19-CV-2146; *Freeman II* Compl. ¶¶ 3710-3728, ECF No. 1 in No. 18-CV-7359.)  Defendants agree with Plaintiffs that this Court's reasoning in the September 16 Order and this Court's denial of reconsideration in *Freeman I* should lead to dismissal of all claims in *Freeman II* and *Bowman* for failure to state a claim and, in addition, with respect to Count 6 of the *Freeman II* Amended Complaint and *Bowman* Complaint, for lack of personal jurisdiction.  However, because aiding and abetting claims were never properly asserted in *Freeman I* and thus not addressed in the Court's September 16 Order, Defendants proposed to Plaintiffs a form of stipulation and dismissal order for *Freeman II* and *Bowman* that would make express the reasons for dismissing aiding and abetting claims in those cases.  Specifically, and as set forth in Standard Chartered Bank's opposition to the *Freeman I* plaintiffs' motion for reconsideration (ECF No. 242 at 15-17 in No. 14-CV-6601), Plaintiffs' aiding and abetting claims fail to state any claim for relief under *Linde* v. *Arab Bank*, 882 F.3d 314, 329-31 (2d Cir. 2018) and *Siegel* v. *HSBC N. Am Holdings, Inc.*, 933 F.3d 217, 224-25 (2d Cir. 2019), including for failure to allege plausibly (i) that any Defendant was aware that by its alleged conduct it was assuming a role in any act of international terrorism; (ii) that any Defendant knowingly and substantially assisted any person who committed an act of international terrorism; and (iii) proximate causation.  Plaintiffs declined to agree to the proposed stipulation and dismissal order.

---

[3] Indeed, *Freeman I* plaintiffs made this clear many times during the course of briefing the motion to dismiss.  *See* ECF No. 117 at 31-32 (arguing § 2333(d) provides an alternative basis for only for "conspiracy claims"); ECF No. 183 at 6-7 (arguing plaintiffs' complaint supports JASTA "liability for conspiracy" only); ECF No. 218 at 2 (arguing *O'Sullivan* decision did not apply the proper framework to "§2333(d) Conspiracy Claims" only); ECF No. 222 at 2 (attempting to distinguish *Weiss* and *Strauss* from *Freeman I* because "[f]irst, the claims here are premised on conspiracy" and not aiding and abetting); ECF No. 235 at 3-4 (attempting to distinguish *Siegel* based on argument *Freeman I* claims are "predicated on conspiracy" rather than aiding and abetting).

Hon. Pamela K. Chen p. 4

      While Defendants agree that no further motion practice is required, Defendants respectfully request that—in order to make the record clear for the Court of Appeals—any orders dismissing *Freeman II* and *Bowman* include the reasons for dismissing aiding and abetting claims asserted in those two cases.

                Respectfully submitted,

                CLEARY GOTTLIEB STEEN
                & HAMILTON LLP

                Jonathan I. Blackman
                Carmine D. Boccuzzi, Jr.
                Alexis Collins

                One Liberty Plaza
                New York, NY 10006
                (212) 225-2000
                jblackman@cgsh.com
                cboccuzzi@cgsh.com
                alcollins@cgsh.com

                *Attorneys for Defendant Commerzbank AG*

                <u>On behalf of the Moving Defendants</u>

                OSEN LLC

                Gary M. Osen
                2 University Plaza, Suite 402
                Hackensack, NJ 07601

                *Attorneys for Plaintiffs*

                <u>On behalf of all Plaintiffs.</u>